NEW-YORK,
May 1811.

ROBINSON
v.
Executors of
WARD.

## ROBINSON *against* The Executors of WARD.

An action cannot be maintained in this state on a judgment recovered in another state, against bail, where the proceeding was by attachment of goods, without any personal summons or actual notice to the bail, who, at the time, had removed into, and become an inhabitant of this state. There is no difference, in this respect, between a suit against bail, or a suit against the principal.

THIS was an action of debt, on a judgment obtained in the court of common pleas of *Addison* county, in the state of *Vermont.* The declaration alleged that the plaintiff recovered judgment, in *March.* 1804, for 83 dollars and 47 cents, against one *Miller*, in a suit in which *Ward* was the bail of *Miller;* and that, afterwards, such proceedings were thereupon had, that in *February* term, 1808, in the same court, it was adjudged that the plaintiff should have execution against *Ward*, as bail of *Miller*, for the amount of the judgment, with costs, &c.; and that the same remains unpaid, &c.

The defendant pleaded *non detinet.* The cause was tried at the *Albany* circuit, before the *Chief Justice*, in *October*, 1810.

NEW-YORK,
MAY, 18ı1.

ROBINSON
v.
Executors of
WARD.

At the trial, the plaintiff produced a copy of the record, by which it appeared that the judgment was obtained against *Miller*, after a personal service of process; and that an execution was issued against him and his property, which was returned *non est;* and that on the application of the plaintiff, an attachment was issued to the sheriff, commanding him to attach the property of *Ward*, to the amount of 130 dollars, to notify him of the same; and if no property could be found to take the body of *Ward*, and have him before the same court in *September*, 1804, to *show cause* why the plaintiff should not have execution against him, &c. The return of the sheriff on the attachment was as follows: " *September* 12, 1804. I then served this writ, by attaching one good hay-knife, and one old iron hoe-handle, found at the house of *Lemuel Burrows*, in *Bridport*, in said county, which property was certified to me to belong to the within named *John Ward*, late of said *Bridport;* and at the same time left a true and attested copy of this writ, and an account of the articles attached thereon, together with this my return endorsed, at the last usual place of abode of the within named *John Ward*, in said *Bridport.*"

The plaintiff appeared at the court, and the cause was continued until *August* term, 1807; when the plaintiff again appeared, and *Ward* did not appear; but it was shown to the court, that he had removed out of the state. The court ordered further notice to be given to *Ward*, by a publication of the substance of the declaration and order of the court, for three weeks, in the gazette called the " *Middlebury Mercury.*" The cause was then continued until *February* term, 1808, when the plaintiff appeared, and proved the publication of the notice to *Ward*, pursuant to the order of the court; on which *Ward* was called, but made default; and a judgment was entered against him for 114 dollars and 8 cents.

NEW-YORK,
May, 1811.

ROBINSON
v.
Executors of
WARD.

After reading the copy of the proceedings in *Vermont*, the jury found a verdict for the plaintiff, subject to the opinion of the court on a case containing the above facts.

A motion was made to set aside the verdict, and for a new trial.

*Sill*, for the plaintiff. We contend that the judgment in *Vermont* against *Ward*, was valid, and sufficient to support the action in this court, against his representatives. It cannot be pretended that to render a judgment in another state valid, it is necessary that it should be founded on the same course of proceedings as is required by the laws of this state. Nothing more can be requisite, than that it should appear that such proceedings were had in the foreign state, as would give the defendant such notice, as is equivalent to what is required by the law of this state.* Now, what is required by the law of this state, in proceedings to charge bail? A *ca. sa.* must issue against the principal, into the county where he was arrested. If the *ca. sa.* is returned not found, and the proceeding is by *scire facias*, and if the bail have removed out of the state, a copy of the *scire facias* is to be left at his last usual place of abode in this state.

Now, in this case, a process issued in *Vermont*, comprising the substance of a *capias*, an execution, and a *scire facias*, and a return made thereof, and a copy was left at the last usual place of abode of the bail. This is equivalent to what is required by the act of this state; but besides this, there was a public notice for three weeks in the gazette. If the party has had the same, or as much notice as he would have had in this state, I can see no objection to giving effect to the *lex loci*. Again, if such proceedings were had, and such notice given, as is required by the common law, it will be deemed sufficient. In *England*, though no judgment can be supported against the principal, without a personal summons, yet in pro-

*Sess. 24. c. 136.

NEW-YORK,
May, 1811.

ROBINSON
v.
Executors of
WARD.

ceedings against *bail,* no such personal summons is necessary. A *ca. sa.* may be returned *non est inventus;* and after two *nihils* returned to the *scire facias,* the bail are absolutely fixed with the debt, without any attempt whatever to give them personal notice.

We are aware of the decision in *Kilburn* v. *Woodworth,*\* and of the cases there cited; but in all those cases, the judgments and proceedings were against principals, in which there had been no personal service; not against bail. There is a material distinction, in this respect, between a suit against bail, and against an original debtor.

\* 5 *Johns. Rep.* 37.

Again, it may be observed, that the amount of damages in the case was ascertained by the recovery against the principal, and the undertaking of the bail to surrender the principal, or pay those damages, is matter of record. There is not the same reason for personal notice to the bail, as there is in the case of the principal. The bail, from the terms of the recognisance, are presumed to be in court.

*H. Bleecker,* contra. This case is not distinguishable, in principle, from those already decided, in regard to actions on foreign judgments. If the defendant had no notice in the suit abroad, the judgment cannot be enforced here. This court said, in *Kilburn* v. *Woodworth,* that it was against all principle to charge a person without notice. The undertaking of the bail amounts to the same, as if he had given the plaintiff a bond of indemnity. There is the same reason that bail should have notice, as any other defendant. The proceedings against bail in *Vermont* are the same as in any other suit, by writ of attachment. If it was by *scire facias,* the defendant is entitled to personal notice, for he may have a good defence; he may plead a release, or payment of the debt, &c.

NEW-YORK,
May, 1811.

ROBINSON
v
Executors of
WARD.

It appears from the case, that *Ward* was not an inha= bitant of *Vermont*, but was *domiciled* in this state. He was not subject to the laws of *Vermont*. He ought not to be made liable, on general principles, without per- sonal notice; and is entitled to the protection of the laws of this state. It is no answer to say, that all the proceedings were regular and valid, according to the law of the place where the judgment was rendered ; for such was the fact in all the cases in which the judg- ments of the foreign courts were disregarded, for want of a personal notice.

Again, it is said, the law of the two states, in proceed- ings against bail, are the same; so that this is not a *con- flictus legum.* But the case of a *conflictus legum* is not the only one in which the *lex loci* will not be enforced. It is enough that the foreign law will produce inconve- nience or injury to the inhabitants of this state. It is no answer to this to say that by the common law of *England*, or of this state, a judgment may be obtained against bail, without any personal notice of the proceed- ings. That is not the ground on which the decisions on this subject rest.

*Per Curiam.* The principle adopted by this court in the case of *Kilburn* v. *Woodworth*, (5 *Johns. Rep.* 41.) must govern the present. It was there held, that we would not sustain an action here, upon a judgment in another state, where the suit was commenced by at- tachment, and no personal summons or actual notice given to the defendant, he not being, at the time of is- suing the attachment, within the state. In the case be- fore us, it is not positively stated that *Ward*, against whom the judgment was recovered in *Vermont*, was not at the time of issuing the attachment, a resident within the state, or within the jurisdiction of the court. It is evident, however, from the facts stated in the case, that he was not. The process was served by attaching a hay-

knife at one *Lemuel Burrows*, in *Bridport;* and the she-
riff, in his return to the attachment, describes *Ward* as
being *late* of *Bridport;* manifestly implying that he was
not then a resident there.    At all events, there was no
personal service or actual notice.    And in the case of
*Kilburn* v. *Woodworth*, it is said, that to bind a defend-
ant by a judgment, when he was never personally sum-
moned, or had not notice of the proceedings, would be
contrary to the first principles of justice.    And whe-
ther the proceedings were valid, and according to the
course of the court in the place where such judgment
was obtained, or not, would make no difference, accord-
ing to the case of *Buchanan* v. *Rucker*. (9 *East*, 192.)
The principle on which these decisions turn, applies to
the present case, notwithstanding *Ward* was sued as *bail*
in *Vermont*.    The proceedings against him there, were
in the nature of a new suit; and the *bail* might have
had a good and substantial defence to make.    There is,
therefore, the same reason for his having notice as in
any other case.    We are accordingly of opinion that the
defendant is entitled to judgment.

Judgment for the defendant.