Opinion of the Court.
THIS is an action of debt, brought on a judgment rendered in the state of Virginia, on a scire facias against the appellee, as special bail for another individual. That scire facias had not been executed personally on the appellee; but the first was returned, “ not found, and no inhabitant of my bailiwick,” and the second, “no inhabitant of my bailiwick.” The appellee craved oyer of the record, which was granted, and demurred, and the court below sustained the demurrer, being of opinion that the judgment was void. From this decision his adversary has appealed.
That a judgment rendered against the defendant in an original action, without service of process, is a nullity, is a position strongly supported by the authorities cited, and would command our assent. This court decided, in the case of Moore, &c. vs. Farrow and M’Murtry, spring term 1821, that a sale of land, made under an execution which issued on a decree rendered without either actual or constructive service of *418 process, passed no title. But is a scire facias like this, founded on matter of record, subject to the same rule? We conceive not; and many reasons may be given, why it should form an exception. In an original suit, the defendant may not know of the record, and he is no party, until notice is given him ; and, therefore, his right ought not to be prejudiced. The demand against him rests upon evidence en pais, and is not defined or settled by adjudication. Widely different is the case of special bail. His undertaking is of record, to which he becomes a quasi party, and binds himself to take notice how it progresses. The proceedings and judgment against the principal, are conclusive as to him, and he must abide by the determination, without more right to dispute it, than his principal has. His undertaking, of record, is, that the principal shall satisfy and pay the costs and future condemnation of the court, or render his body in execution for the same; or, in case of failure, he, the bail, will do it for him. He is bound to know how the record progresses; whether the defendant is condemned, and whether he fails to pay the condemnation or surrender his person. It would not be arbitrary, in such case, to say, that judgment should be rendered at once against the bail, in future cases, without any process, on its appearing by execution that the principal could not be taken. The bail would only be made liable commensurate with his undertaking of record. Hence, a scire facias is styled a judicial writ; that is, one for the purpose of effectuating what has been already settled by adjudication. It is true, in the case of bail, as well as in the revival of judgments, the writ must issue, out of a tender regard to the rights of the bail, in order that he may avail himself of some matter which has arisen since the judgment or undertaking of record. That judgment is conclusive against him, as to all previous matters. But, by the common law, which Virginia adopted, this judicial process need not be always personally executed. Two writs returned “nihil,” was always held sufficient to authorise execution against the bail. Without travelling into the origin of the return technically styled “ nihil,” suffice it to say, that it means that the person was not accessible. The return in this case means neither less nor more; and it is competent for the state of Virginia to direct that the return *419 shall be in other words, meaning the same thing, or for her courts to decide that a return varying only in sound, but conveying the same meaning, shall be held sufficient. We do not mean to say, that we will judicially take notice of the statutes of Virginia, since the separation, although we are bound to know them at that period ; or that she has passed a statute similar to ours, which directs such return to conform to the return of a capias ad respondendum. But we conceive that the judgment of one of her courts of competent jurisdiction, upon such return, is prima facie evidence at least, that the law has been complied with, in a case where the return itself is essentially the same in effect and meaning, as that which that state took from the common law, and practised at the date of our separation. We conceive, therefore, that the judgment ought to have been entitled to some credit, under the constitution of the United States, according to the principles settled by this court, in the case of Rogers vs. Coleman and wife, Hard. 413. Whether this record is conclusive, or only prima facie evidence of the demand, it is not necessary for us now to decide ; for if it is of the latter character only, the decision of the court below cannot be supported.
The judgment must be reversed, and the cause remanded, with directions to the circuit court to overrule the demurrer and give judgment for the plaintiff in that court, unless the defendant shall ask and obtain leave to plead to the merits of the case.