The opinion of the court, (Tilghman, C. J. being absent,) was delivered by
Duncan, C. J.
This was an action of debt on a judgment in trover, obtained in the Court of Common Pleas in the state of New-York by default. A writ of inquiry was executed, and judgment thereon.
The declaration is a strange medleys and the second count for interest on the judgment cannot be supported; The question now to be considered is principally on the demurrer to the plea of the defendant of nul tiel record, and that if there is such a record of the judgment in the declaration mentioned, it was obtained by fraud, imposition, mistake, and without consideration. To this there is a special demurrer, joinder in demurrer, and judgment for the defendant. If this is erroneous, it will be proper for this court not only to reverse the judgment, but to give such judgment for the plaintiff, as the court below ought to have given. Whatever opinions might be entertained by different courts, as to inquiring into the fairness of a judgment rendered in the court of one state, in an action on that judgment brought in another state, the opinion never has been entertained, that there can be an inquiry into the mistakes of the court which gave the judgment, provided the defendant was notified, and the court had jurisdiction. But that the consideration of the judgment is again to be inquired into is inconsistent with every idea of judicial proceedings, and of any faith and credit to be given to records of another state. Indeed, if the consideration of the judgment here has any meaning, it is, that the whole subject matter of the original action can be inquired into, in the subsequent action on the judgment.
Whether a judgment has been by default or on trial, makes no difference, provided the party has been notified. In the one case, the judgment is given on trial, in the other it is confessed. The character of a foreign judgment is fixed. A foreign judgment never has been considered as a record. It cannot be declared on as such, and the plea of nul tiel record is bad. It is prima facie evidence *242 of the justice of the demand in an action of assumpsit, having no more credit than is given to every species of written agreement, that it shall be considered good until it is impeached. But the constitution and law of the United States give the judgments of courts of record of any state, in every state, a higher rank than simple contract debts.
Various opinions have been entertained, and certainly contrarié-' ty of decisions, but it is no longer matter of debate. The question is finally settled in the Supreme Court of the United States, and wisely settled. The act of congress of the 29th May, 1790, expressly declares, that the record duly authenticated, shall have such faith and credit as it has in the state court from whence it is taken. The conclusion which the Supreme Court of the United States in Mills v. Duryee, 7 Cranch, 481, came to was, “that if in the court in which it was given, it has the faith and credit of evidence of the highest nature, viz: record evidence, it must have' the same faith and credit in every other court;” and the court there determine, that as in that case, the defendant had full notice of the suit, for he was arrested, and gave bail, and that beyond all doubt, the judgment of the Supreme Court of New-York, was conclusive upon the parties in that state, it must be conclusive in ¿very state. The same doctrine was laid down in Hampton v. M‘Connell, 3 Wheat. 234, and in 15 Johns. 121, it was held, that a judgment obtained in the court of another state, having jurisdiction of the subject matter, in which the defendant had notice to appear, was conclusive evidence in the court of that state, and in Andrew V. Montgomery, 19 Johns. 162, it was determined, that assumpsit would not lie on á judgment in another state, because it was a debt of record, its obligatory force was conclusive, and the' decision of the Supreme Court of the United States was considered as paramount, controlling authority, deciding on an article of the constitution, and an act of congress carrying the article into effect. And by Chief Justice Parsons, in Bissel v. Briggs, 9 Mass. Rep. 402, judgments rendered in any other of the states are not, when produced here as the foundation of actions, to be considered as foreign judgments, the' merits of which are to be inquired into, as well as the jurisdiction of the courts rendering them. Such judgments, as far as the court rendering them had jurisdiction, are to have in all courts full faith and credit, in which the merits of the judgment are never put in issue, with the qualification, that it appears by the record the party had notice. And such is, as appears to me, sound doctrine, and is the amount of the principle established by the Supreme Court of the United States, the controlling authority of which' I acknowledge in the construction of this article of the constitution, and act of congress, carrying it into effect. The moment it is decided, that nul tiel record is the only plea, then it is made matter of record evidence, and consequently, must have the same faith and credit in every court. On *243 the demurrer to the plea, the judgment should have been given for the plaintiff, and this in fact, disposed of the whole case. The judgment is, therefore, reversed, and judgment for plaintiff on the first count, entered on the demurrer.
Judgment for the plaintiff on the first count