*ISAAC SPENCER, TREASURER OF THE STATE OF CON- [259
NECTICUT, *v.* ELIAS BROCKWAY.

*Suit by State—Penal Laws—Effect of Judgment from Sister States.*

The state may sue in the courts of Ohio. ·

Suit upon a judgment for violation of penal laws in a sister state sustained.

Judgment in a sister state can not be impeached here.

If action on the case be brought on judgment from a sister state, liability and
breach must be averred.

THIS cause came before Judges Pease and Burnet, at the August
term, 1824, in the county of Ashtabula.

The plaintiff describes himself as treasurer of the State of Con-
necticut, and successor in office to Andrew Kingsbury, late treas-
urer of that state. The declaration contains two counts. The
first states that a suit was commenced in the Supreme Court of the
State of Connecticut, wherein Andrew Kingsbury, treasurer of the
State of Connecticut, was plaintiff, and Elias Brockway was de-
fendant, on a bond of recognizance, made by the said Elias to the
said Andrew, as treasurer aforesaid, and that such proceedings were
had that the said court rendered judgment in favor of the said
Andrew, against the said Elias, for the sum of one hundred dollars
debt (or damage), and cost, taxed at $21.90.

The second count states that there was another suit at the court
aforesaid depending in favor of Andrew Kingsbury, treasurer of
said State of Connecticut. That such proceedings were had, that
the said Elias being three times solemnly called, came not, but
made default, and that judgment was thereupon rendered, that the
said Andrew recover of the said Elias the sum of one hundred
dollars (debt or damage) and cost, taxed at $21.90, which judgment
remained in full force, etc., by reason whereof, the said Elias became
liable to pay the said Andrew, treasurer, etc., and being liable in
consideration thereof undertook, etc., that the said Elias did not
pay, etc., to the defendants, damage $350.

The defendant demurred to each count of the declaration sep-
arately, and the plaintiff joined in demurrer.

The defendant craved oyer, and set out the records of both judgments, from which it appeared, that they were recovered on two forfeited recognizances, taken in consequence of an alleged 260] violation of the penal laws of that *state, and that the defendant was in court, by his counsel, when his default was entered, and that on his application, the court exercised their chancery pow er by reducing the sum from $200 to $100 on each recognizance.

WEBB, in support of the demurrer, contended :

1. That the State of Connecticut can not maintain an action in the courts of this state. ·

2. That the courts of one state will not enforce the penal laws of a sister state.

3. That the declaration does not present such a case as will entitle the plaintiff to recover.

By the COURT:

We do not discover any reason why the State of Connecticut should be prohibited from prosecuting her just claims in the courts of this state.   There is not anything in the constitution, or laws of Ohio, that requires such a prohibition, nor do we believe that it is necessary, or that it would be expedient; but if the position could be supported, it would not apply in this case, because the suit is brought in the name of an individual, and not in the name of the state, and it can not be a matter of any importance for whose use the money is recovered.

The second objection is equally groundless.   There is nothing in the declaration from which it can be inferred that the object of this suit is to enforce the penal laws of the State of Connecticut.   If the defendant had a right to crave oyer, and if it were proper to look into the transcripts, it would be found that those laws, as far as this demand is connected with them, have been enforced in the courts of that state.

The suit is for the recovery of a sum of money.   It is founded on judgments obtained in the Supreme Court of the State of Connecticut, and not on the penal laws of that state.   The objection, therefore, can not be sustained.

The third ground of demurrer, leads to the inquiry, how far judgments recovered in sister states are to be regarded in this state.

This court has often decided that judgments regularly obtained in other states, against defendants who have been served with process, or have otherwise appeared, and had an opportunity of making a defense, are to be received as conclusive evidence, and that no re-examination \*of the grounds on which they were rendered [**261** can be permitted. We believe this to be the true construction of that section in the constitution of the United States, which requires that "full faith and credit shall be given, in each state, to the public acts, records, and judicial proceedings of every other state," and of the act of Congress in pursuance thereof, which requires that they shall have such faith and credit given to them, in every court within the United States, as they have by law or usage in the courts of the states from whence the said records are or shall be taken." The faith and credit here spoken of, requires us to admit, not only that there is a record, and that it is what it purports to be, but also that it is just; that the money awarded to the plaintiff is legally due, and that he has a right to recover it, without a re-investigation of his claim. Such is the effect of the faith and credit given to it in the state from whence it came, and such must be its effect here, or like causes do not produce like effects.

Had a suit been commenced on this record in the State of Connecticut, the defendant could not have questioned its correctness, in consequence of the faith and credit given to it in the courts of that state, and the same degree of faith and credit must produce the same results here. We are aware that a different opinion has been given in some of the states. In Massachusetts and New York, it has been decided that judgments obtained in other states are only *prima facie* evidence, and that the defendant, in a suit brought on such a judgment, may impeach the justice of it. But it appears to us that the provision in the constitution extends further, and embraces the effect as well as the admissibility of the record. Such a provision would seem to be of but little use, if it merely required the record to be acknowledged and received in evidence, and left its operation as it stood at common law.

In cases where both parties have been before the court, and have had an opportunity of being heard, it does not require the exercise of an unreasonable degree of confidence to conclude that justice has been done; but where the defendant has not been served with process, or had an opportunity of making his defense, the conclusion may be different. In such cases we have considered

262] the record as *prima \*facie* evidence, and permitted the defendant to impeach its justice, because it shows on its face, that the merits, on his side, have not been heard, and because it would not only be deciding without evidence, but presuming against probability, to take the judgment under such circumstances as conclusive evidence that the merits have been fully heard on both sides. In the State of New York, it has been decided that an action can not bo maintained in that state against a person not a resident, who has not been served with process or had actual notice. Kilburn *v.* Woodworth, 5 Johns. 41 ; Robinson *v.* Ward, 8 Johns. 86. This question, however, does not arise on the demurrer, and it will be unnecessary to pursue it further.

The plaintiff having seen proper to treat these records as foreign records, by bringing an action on the case, the question might have been presented in a different form; by another course of pleading, but as the issue now stands, the records are to be considered as conclusive evidence, by the uniform course of decision in this court, and our inquiry must be confined to the sufficiency of the declaration.

The first count is manifestly defective. It contains no averment of liability, or promise of payment, or breach by the defendant. The demurrer, therefore, as to that count, may be sustained. In the second count, we do not discover any substantial defect.

Judgment for the plaintiff on the second count.