HOLT
v.
ALLOWAY.

## HOLT v. ALLOWAY.

The judgment of a Court of record of competent jurisdiction in one state, fairly obtained, where the defendant had personal notice of the suit, is conclusive between the parties in an action on it in any other state; and the circumstance, that the judgment is against the defendant as special bail, makes no difference.

To an action on the judgment of a Court in another state, the defendant may plead that the judgment was obtained by fraud; or that the Court had no jurisdiction of the person or of the subject-matter.

A judgment obtained conformably to the laws of the state against a person resident therein, without personal notice of the suit, is not conclusive against him in an action on it in another state; nor is such judgment absolutely void as the judgment of a Court having no jurisdiction. The judgment, in such case, stands on the same footing with a foreign judgment; and if it be against special bail, he may, in an action on it in another state, plead that no ca. sa. had issued against his principal.

Tuesday,
November 20.

ERROR to the *Bartholomew* Circuit Court.

BLACKFORD, J.—This was an action of debt, founded on the judgment of a Circuit Court of the state of *Kentucky*. The judgment is declared on as a matter of record, with a reference by the *prout patet per recordum*. The defendant pleaded, inter alia, that the judgment, if any, had been obtained against him on a recognizance of special bail for *W. Alloway*, without any notice having been served on the defendant; and without any capias ad satisfaciendum having been issued against the principal. There was a general demurrer to the plea, and judgment for the defendant.

This plea, though not technically drawn, may be considered as averring, in substance, that the defendant had no personal notice of the original suit; and the plaintiff contends, that, let the law be as it may in ordinary cases, as this was an action against special bail, no personal notice was necessary. For this he cites *Delano* v. *Jopling*, 1 Littell, 417. The opposite doctrine, however, is laid down in *Robinson* v. *The Executors of Ward*, 8 Johns. R. 86, relied on by the defendant. In the latter case it is decided, that the circumstance of the judgment having been obtained against the defendant as bail, should make no difference; and our opinion is in accordance with this decision. The defence of bail may be as valid and important as that of a principal, and whatever opportunity of making it may

be claimed for the one, may be also for the other. There being, therefore, nothing peculiar in this case to take it out of the general doctrine applicable to actions on the judgments of other states, it becomes necessary to examine what that doctrine is.

By the act of congress of 1790, passed in pursuance of a provision in the constitution of the *United States*, the judicial proceedings of each state, shall have the same faith and credit in the other states, that they have in the state whence they are taken. According to this act, we consider that the judgment of a Court of record of competent jurisdiction in one state, fairly obtained, where the defendant had personal notice of the action, is conclusive between the parties in any other state in which an action may be brought on it. In such a case, *nil debet* cannot be pleaded, because that would lead to a re-examination of the merits of a cause, presumed to have been already fairly and fully tried: there, the record being conclusive, *nul tiel record* is the only general plea. *Mills* v. *Duryee*, 7 Cranch, 481. But if the Court rendering the judgment, have no jurisdiction of the parties, or of the subject-matter; or if the judgment be obtained by fraud; we are of opinion that the defendant is not to be confined to the single plea of *nul tiel record*, should an action be brought against him in another state on such a judgment. In these cases he must be permitted to plead the fraud, or the want of jurisdiction of the person, or of the cause, in bar of the suit. The common principles of justice seem to demand, that such should be the construction of the act of congress, and there is good authority for saying, that such a construction is in accordance with the principles of law. *Bissell* v. *Briggs*, 9 Mass. 462.—*Borden* v. *Fitch*, 15 Johns. R. 121.—*Andrews* v. *Montgomery*, 19 Johns. R. 162 (1).

The cause under consideration does not belong to either of those classes of cases. On the one hand, it is a case to which, for the want of personal notice, the act of congress giving to the judgment of one state, when sued upon in another, the same conclusive effect as it has where rendered, does not properly apply. That act is based upon the principle, that the merits of a cause once fairly and fully tried and determined in one state, should not be subject to the subsequent investigations and decisions of the Courts of other states; but a judg-

ment rendered, like the one in question, in the absence of the defendant, and without any personal notice to him of the suit, cannot be said to have been thus fairly obtained, and, consequently, does not come within the principle of the act of congress. On the other hand, although the defendant had no personal notice of the original suit, yet, as it does not appear but that he was a resident of the state of *Kentucky* when the action was commenced, and that the judgment was recovered in conformity with the laws of that state, we would not, it is conceived, be warranted in determining that the Court had no jurisdiction of the defendant, and that the judgment is a nullity. We are of opinion, therefore, that according to the facts on the record, the judgment in this case must be viewed, not as conclusive, for the want of personal notice; not as absolutely void, since the defendant must be presumed a resident of *Kentucky* when the suit was commenced, and amenable to its laws; but we must consider it as a foreign judgment, and *prima facie* evidence of the debt. It is *per se* a cause of action, and may be declared on, as in the present case, without setting forth the original demand. Its justice, however, is subject to be impeached; and it may be shown to have been unduly or irregularly obtained.

The defendant has here undertaken to impeach the justice of the judgment by showing in his plea, that it was rendered against him on a recognizance of special bail; that he had no personal notice of the suit; and that no capias ad satisfaciendum had ever issued against the principal. If these facts be true, and the demurrer admits them to be so, the plaintiff had no right to recover. No capias ad satisfaciendum having issued against the principal, the bail could have pleaded that fact in bar of the original action, if he had had an opportunity to do so. Such a plea, it is true, would have been too late, in a suit like the present, had this been a domestic judgment of record, or entitled, under the act of congress, to the conclusive effect of such a judgment. That not being the case, however, as appears by the record, but the judgment having the character and validity only of a foreign judgment, the justice of which might be impeached, the want of a capias ad satisfaciendum showing it to be unjust and that it had been unduly obtained, was a bar to the action.

There is another point in this cause which it may be proper to mention. The declaration treats the judgment as conclusive under the act of congress; and the question suggested is, whether the defendant for that reason was bound, in pleading, to consider it in any other light. If he was not, the plea of a want of personal notice was of itself sufficient. This subject, however, need not be examined, for, assuming that the judgment, though not so described, may be considered as a foreign one, the defendant has even in that case, as we have already observed, made out a good defence.

*Per Curiam.*—The judgment is affirmed with costs.

*Wick*, for the plaintiff.

*Sweetser*, for the defendant.

(1) Vide note (1) to *Cole* v. *Driskell*, Vol. 1. of these Rep. 16. Chancellor *Kent*, after referring to most of the authorities on this subject, says—The doctrine in *Mills* v. *Duryee* [7 Cranch, 481,] is to be taken with the qualification, that in all instances the jurisdiction of the Court rendering the judgment may be inquired into, and the plea of *nil debet* will allow the defendant to show that the Court had no jurisdiction over his person. It is only when the jurisdiction of the Court in another state is not impeached, either as to the subject-matter or the person, that the record of the judgment is entitled to full faith and credit; and if the suit in another state was commenced by the attachment of property, the defendant may plead in bar that no process was served on him, and that he never appeared either in person or by attorney. *Starbuck* v. *Murray*, 5 Wend. 148. A special plea in bar of a suit on a judgment in another state to be valid, must deny, by positive averments, every fact which would go to show that the Court in another state had jurisdiction of the person, or of the subject-matter. *Harrod* v. *Barretto*, 1 Hall's N. Y. Rep. 155.—1 Kent's Comm. 2d Ed. pp. 260, 261.

The most important cases on the subject, not cited in the note to *Cole* v. *Driskell*, are *Thurber* v. *Blackbourne*, 1 N. H. Rep. 242.—*Spencer* v. *Brockway*, 1 Ohio Rep. 259.—*Aldrich* v. *Kinney*, 4 Conn. Rep. 380.—*Benton* v. *Burgot*, 10 Serg. & Rawle, 240.—*Hall* v. *Williams*, 6 Pick. 232.—*Newell* v. *Newton*, 10 Pick. 470, 472.—*Harrod* v. *Barretto*, 1 Hall, 155.—*Clarke's Admr.* v. *Day*, 2 Leigh, 172.—*Starbuck* v. *Murray*, 5 Wend. 148.—*Shumway* v. *Stillman*, 6 Wend. 447.

The case of *Shumway* v. *Stillman*, supra, had been previously before the Court. It was instituted in *New-York* on a judgment obtained in *Massachusetts*. The plea in the first instance was, that at the time when the suit was commenced, and from that time till the rendition of the judgment, the defendant resided in *New-York*. This plea, not showing but that the defendant had been served with process or had appeared to the action, was held on demurrer to be insufficient. 4 Cowen, 292. The defendant, in the second instance, pleaded—that at the time of the commencement of the suit in which the judgment was obtained, and when the judgment was rendered, and during the intervening time, he was residing at *Schenectady*, in *New-York;* that he was not an inhabitant of *Massachusetts;* that during all the said time he was not in *Massachusetts;* was not amenable or subject to the jurisdiction of the Court in which the judg-

ment was rendered, was not arrested or personally served with process in the said suit in *Massachusetts* and had not any legal notice of such suit. The plaintiff replied, that the defendant had had notice of the suit, and had by an attorney appeared to the same. There was a verdict for the plaintiff subject to the opinion of the Court as to the law. The Court said that the plea was good. They said also, that the judgment of a Court of general jurisdiction, in any state of the Union, is equally conclusive upon the parties in all the other states, as in the state in which it was rendered; but that this is subject to two qualifications: 1. If it appear by the record that the defendant was not served with process and did not appear in person or by attorney, such judgment is void; 2. If it appear by the record that the defendant appeared by attorney, the defendant may disprove the authority of such attorney to appear for him.    6 Wend. 447.

If the record state that the defendant appeared *in person*, it has been made a question whether he is not estopped to deny such appearance. In *Massachusetts* the Court says—If it appeared by the record that the defendant had notice of the suit, or that he appeared in defence, we are inclined to think that it could not be gainsaid; for as we are bound to give full faith and credit to the record, the facts stated in it must be taken to be true, judicially; and if they should be untrue by reason of mistake or otherwise, the aggrieved party must resort to the authorities where the judgment was rendered for redress, for he could not be allowed to contradict the record by a plea and by an issue to the country thereon.    But if the record does not show any service of process, or any appearance in the suit, we think he may be allowed to avoid the effect of the judgment here, by showing that he was not within the jurisdiction of the Court which rendered it, for it is manifestly against first principles, that a man should be condemned, either criminally or civilly, without an opportunity to be heard in his defence.  *Hall* v. *Williams*, supra.

It is decided in *New-York*, that the defendant may deny a statement in the record of his personal appearance.  After citing *Aldrich* v. *Kinney*, 4 Conn. Rep. 380, to show that the defendant is not estopped by the record to deny his appearance by attorney, the judge, in delivering the opinion of the Court, says—If the allegation in the record of an appearance by an attorney is examinable into, in an action on the judgment, and may be disproved, I cannot see why the allegation of an appearance of the party in person is not in like manner questionable.  *Starbuck* v. *Murray*, supra.