Brockenbrough, J.
The only question in this case, on which I deem it necessary to say any thing, is that which arises on the plea, that the power of attorney, under which the judgment on which "the action was brought was confessed, was not given or made by the defendants or any or either of them, and on the proceedings upon that plea. It is a plea of non est factum, and is not sworn to.
I am of opinion, that the plea itself is good on demurrer, and that the objection to it on the ground of duplicity is not sustainable. That part of the plea, which alleges, that the defendants had no notice of the commencement or pendency of the suit in Ohio, was a proper if not a necessary allegation; for if the defendants had in fact had notice of the commencement or pendency of the action in Ohio, the defence that the power of attorney was not the deed of the defendants, should have been made in the court of that state; and so, the allegation of want of notice of the suit, was proper to shew the propriety of the defence being made here.
But although the plea is in itself a good one, it ought not to have been received without an affidavit of its *572 truth. The language of our -statute is very strong: “no plea of non est factum, offered by any person charged as obligor, covenantor, or grantor of a deed, shall be admitted or received, unless the truth thereof shall be proved by oath or affirmation;” 1 Rev. Code, ch. 128. & 33. p. 496. if ^he plaintiffs had objected to the reception of this plea, there can be no doubt that it ought not to have been admitted or received by the court, unless verified by affidavit. If the plaintiffs had waived the affidavit, there could not be any impropriety in the court’s receiving it; but, in my opinion, the record ought to exhibit proof of an express waiver by them of the requisition of the statute. The filing of the demurrer is only an implied waiver of it; and I do not think such an implication should be allowed to destroy or jeopard the most important interests of the suitors before a court. I do not think that a just debt should be allowed by the court to be lost, by the misapprehension of a pleader, who demurs to a plea which ought not to be received, instead of applying to the court to reject it. It seems to me, .that it was the duty of the judge of the circuit court, when he was passing on the demurrer to this plea, to direct the defendants to strike it out, unless the plaintiffs would waive the affidavit -required by the statute. Having failed to do so, I think we ought, while we reverse the judgment, to send the cause back, and authorize the plaintiffs either to withdraw their demurrer, and move for a rejection of -the plea, or to waive the affidavit, and take issue on it. The control which t:he court would thus exercise over the pleadings of the parties, and the conduct of suits,-is not greater than was exercised by this court in Taliaferro v. Gatewood, 6 Munf. 320. In that case, which was a suit by the assignee against the assignor of a bond, the plaintiff gave in evidence the transcript of a record of a suit which she had instituted against the obligor ; but the transcript omitted the writ, and thus the plaintiff failed to shew *573 at what time she had commenced her suit against the . . obligor; a fact ox considerable importance in a question of due diligence. The defendant demurredTo the evi- ^ dence, and on that evidence there was a judgment for the defendant. This court reversed the judgment, and awarded a venire de novo. Judge Roane, in giving the opinion of the court, remarked, “ that the court should say, as it has often said in relation to special verdicts, and as it did in relation to an agreed case in Brewer v. Opie, that the same were, respectively, too uncertain for a judgment to be given thereon. It ought to say, as was said in effect in the case of Gibson v. Hunter, that this demurrer has been so negligently framed, that there are not the necessary facts on which a judgment can be founded. It ought to say, as was said in the last mentioned case, that a venire de novo ought to be awarded, because the issue joined between the parties, in effect, has not been tried.” It is clear, that, in that case, this court exercised a supervision over the conduct of the suit: the plaintiff had omitted to give in evidence a part of a record, which the court knew mast exist, and which would have an important bearing on the question in controversy; and notwithstanding the demurrer, they sent the cause back to give the plaintiff an opportunity to supply the defect. Why should we not do so in this case ? It was the duty of the defendants to verify their plea by oath or solemn affirmation; it was the duty of the court not to receive it, if the plaintiffs objected to it; but the plaintiffs incautiously failed to make the motion to reject it, and unadvisedly demurred to it, probably thinking they might have every advantage which the motion would give them, by filing the demurrer. 1 think the plaintiffs ought still to have the opportunity of doing so. I have no doubt, that if the court below had taken the same view of the merits of the plea that we have, it would have given them that opportunity.
*574 I am for reversing the, judgment with costs, and remandmg the cause to the circuit superiour court, with directions to that court to allow the plaintiffs to withdraw their demurrer, and to object to the reception of the plea, or to waive the objection and take issue upon it.
Tucker, P.
I do not conceive it necessary to decide any question in this case, but that presented by the demurrer to the plea that the power of attorney, under which the judgment in Ohio was confessed, was not executed by the defendants or any or either of them, and that they had no notice of the commencement or pendency of the suit. Whether this plea being in effect a plea of non est factum, ought to have been verified by affidavit, it is not necessary to decide. If it ought, yet its admission ought to have been objected to, and the plaintiffs cannot avail themselves of the defect upon the demurrer. Indeed, the demurrer admits the fact, provided the matter is well pleaded: so that the only question is, as to the validity of the plea.
This is an action upon a judgment of the state of Ohio, which, it is contended, is conclusive in the courts of Virginia, upon the principles of the constitution of lthe United States. It is unnecessary in this case, to go 'into the question of the construction of that clause of the federal compact, which relates to the effect of the \judicial proceedings of the several states in other states ; /for it seems to be agreed, on all hands, that the doctrine the conclusiveness of the judgments of the respective states, is to be taken with the qualification, that .where the court has no jurisdiction over the subject jmatter or the person, or where the defendant has no notice of the suit, or was never served with process, and never appeared to the action, the judgment will be esteemed of no validity. 1 Kent’s Comm. 243, 4. and the cases there cited. Phelps v. Holker, 1 Dall. 261. Benton v. Burgot, 10 Serg. & Rawle 240. Green v. Sar *575 miento, 3 Wash. C. C. R. 17. Starbuck v. Murray, 5 Wend. 148. in which all the cases are collected. In whatmanner, then, are the defendants to avail themselves of the objection that they never appeared, or were served with process, or had notice of the suit ? The answer is, that they must plead it. In those states, where the plea of nil debet is held to be a good plea to an action of debt on the judgment of a sister state, the defendant may impeach the justice of it under the plea of nil debet, upon the ground that he never had notice of the proceeding. But the party may also plead the matter specially, even in those states. And in those states in which nil debet is not a good plea, it is obvious, that the defendant is compelled to plead the special matter. In Starbuck v. Murray, the defendant pleaded that no process was ever served upon him, and that he never appeared, and the plea was sustained, though in the record itself it was set forth that he did appear. Whether that decision can be sustained to this extent, it is unnecessary to decide. It was objected there, with ' great force, that the party was thus permitted to contradict a record whose verity was admitted. But in/ the case before us, the parties do not contradict the record, for the denial of the execution of the power of attorney is no such contradiction ; and the record shews/ no appearance except by counsel under the fictitious ' and pretended power. I am, therefore, of opinion, that the plea was good, that the demurrer should have been) overruled, and judgment entered for the defendants. \
I have struggled hard to see whether we could send the cause bach, with leave to the plaintiffs to withdraw the demurrer, and take issue. But I can find no warrant for such a proceeding. Upon reversing a judgment at law, we must enter such judgment as the court below ought to have entered, and we can entertain no motion here for amendment. The cases of Lewis v. Weldon, 3 Rand. 71. and Hite v. Long, 6 Rand. 457. *576 shew how rigorously this rule has been held to operate upon the party who has succeeded on his demurrer in the inferiour court, but fails in the court of error. Fortunately, it will make little difference to the appellees, who may sue upon the bond of the appellants, and will not be barred by the judgment in this case.