———o • •———

### HINDMAN *v.* MACKALL.

An issue on the plea of *nul tiel record*, is to the court and not to the jury; and upon a record which involves no question of jurisdiction or fraud, it is the only proper plea.

The same faith and credit to be given to the judicial proceedings of other states, as they have within the state whence they are taken.

*Nil debit* not appropriate to a judgment record which is not objected to for fraud or want of jurisdiction, but under such a plea want of jurisdiction and fraud may be shown.

Under the plea of *nil debit*, the defendant may show that the attorney had no power or authority to confess judgment against him, and while such a plea and proof are pending, it is error to render judgment on the plea of *nul tiel record*.

ERROR *to Van Buren District Court.*

*Opinion by* KINNEY, J. This is an action of debt brought upon the record of a judgment rendered in the court of common pleas in the county of Beaver, a commonwealth of Pennsylvania. The declaration is in the usual form. The defendant below, Hindman, pleaded: 1. Statute of limitation. 2. Infancy. 3. *Nul Tiel Record.* 4. *Nil debit.* Accompanying the last plea was the following affidavit: "William Hindman being sworn, deposes and says that he never signed or authorized any body to sign his name, to

Hindman *v.* Mackall.

the bond on which judgment was taken against him, in the county of Beaver, in the State of Pnnsylvania, as alleged in the plaintiff's declaration against him. And further says that he never knew of the existence of said bond, until he heard of it in this state, about four years since, and that at the date of said judgment he was but eighteen years of age." The plaintiff demurred to the plea of the statute of limitation, and filed a motion to strike the plea of infancy from the record. A demurrer was also filed to the plea of *Nil debit*, assigning for cause that the plea of *Nil debit*, to debt on judgment, was not allowable.

There appears to be but one record entry in relation to the demurrer to these pleas. By that, it seems that one demurrer was submitted to, and the plea was amended. It was conceded in the argument, that this was the demurrer to the plea of infancy, and the demurrer to the plea of *Nil debit* was undisposed of; and that as it was an improper plea, one which could not at all avail the defendant in his defense, that the defendant could not in consequence of the courts having tried the cause, regardless of the defense set up by the plea; and that the plea of *Nul tiel record* is the only plea allowable in the actions of debt upon judgment. The cause was tried by the court upon the issue joined by the plea of *Nul tiel record*, and a judgment of $566 74 debt, and $280 56 for damages rendered against the defendant.

The main question presented by the argument and record in this case is, did the court err in rendering judgment on the plea of *Nul tiel record* while the plea of *Nil debit*, verified by affidavit, remained on the file and undisposed of?

The issue made of *Nul tiel record* was only triable by the court. It could not be inquired into by the jury. The truth of this plea can only be tried by an inspection of the record by the court, and if the court find from an examination that the record offered in evidence, is the record declared on, they must find upon this issue for the plaintiff.

MARYLAND LAW SCHOOL LIBRARY

But while this is so, did not the court go too far in rendering judgment, with the plea of *Nil debit* on file, which, if a proper plea in this action, would entitle the defendant to a jury trial?  The decision of this question depends, of course, upon whether the plea of *Nil debit* can be regarded as a good plea to an action of debt upon judgment, or whether as was contended in the argument, the plea of *Nul tiel record* is the only one that can be pleaded to this action. If so, we are not disposed to disturb the decision of the court below ; but if not, and the plea in this case verified by affidavit, was permissable as a good defense to the action, then the court erred in rendering judgment with the plea on file, and undisposed of.  The faith and credit, which by the act of congress, are due to the judgments of a sister state, rendered after jurisdiction appeared, exclude all defense to an action upon the record of a judgment in an other state, which the party could have made, at the time the judgment was obtained.  But is it too late when the party has had no notice, and has not been personally served with process, to file the plea of *Nil debit?*  The plea of *Nul tiel record*, when service has been obtained, and jurisdiction acquired, is the only proper plea.  But while this is the case, the jurisdiction of the court rendering the judgment, may be inquired into, and the plea of *Nil debit* will allow the defendant to show that the court had no jurisdiction over his person.  It is only where the jurisdiction of the court in another state, says Chancellor Kent, is not impeached, either as to the subject matter or the person, that the record of the judgment is entitled to full faith and credit ; and if the suit in another state, was commenced by the attachment of property, the defendant may plead in bar, that no process was served on him, and that he never appeared either in person or by attorney.  1 Kent's Com., 2d Ed. pp 260-61 ; *Starbuck* v. *Murry*, 5 Wend. 148.

The case of *Holt* v. *Alloway*, 2 Blackf. 108, we refer to as being in point on the question here presented.  It was an

Hindman *v.* Mackall.

action of debt, founded on the judgment of the circuit court of the state of Kentucky. The defendant pleaded *inter alia*, that the judgment, if any, had been obtained against him, on a recognizance of special bail for Alloway, without any notice having been served on the defendant, and without any capias *ad satisfaciendum*, having been issued against the principal. There was a general demurrer to the plea, a judgment for the defendant. In affirming the decision, Judge Blackford says : " By the act of congress of 1790, passed in pursuance of a provision of the constitution of the United States, the judicial proceedings of each state shall have the same faith and credit in the other states, that they have in the states whence they are taken." According to this act we consider that the judgment of a court of record of competent jurisdiction, in one state, fairly obtained, where the defendant had personal notice of the action is conclusive between the parties in any other state in which an action may be brought on it. In such a case *nil debit* cannot be pleaded, because that would lead to a re-examination of the merits of a cause, presumed to have been already fully and fairly tried. Then the record being conclusive *Nul tiel record* is the only general plea. *Mills* v. *Duryee*, 7 Cranch. 481. But if the court rendering the judgment, has no jurisdiction of the parties, or of the subject matter, or if the judgment be obtained by fraud, we are of the opinion that the judgment is not to be confined to the single plea of *Nul tiel record*, should an action be brought against him in another state on such judgment. In these cases he must be permitted to plead the fraud, or the want of jurisdiction of the person or the cause in bar of suit. The common principles of justice seem to demand that such should be the construction of the act of congress, and there is good authority for saying that such construction is in accordance with the principles of law. *Bissel* v. *Briggs*, 9 Mass. 462 ; *Bordon* v. *Fitch*, 15 John, 121 ; *Andrews* v. *Montgomery*, 19 John, 162.

The act of congress is based upon the principle that the merits of a cause once fairly tried and determined in one state should not be subject to the subsequent trial and decision of the courts of other states ; but a judgment rendered in the absence of the defendant, and without any personal notice to him of the suit, cannot be said to be thus fairly obtained, and consequently does not come within the principle of the act of congress.

In this case it appears from the record which is attached to the declaration, that the judgment was rendered upon a bond, upon the confession of attorney, which fact expressly negatives all presumption of personal service.   The defendant in the action upon the judgment, pleads *nil debit* and swears that he never signed or authorized any body to sign his name to the bond on which judgment was taken against him, and that he never knew of the existence of said bond, until he heard of it in this state, about four years since, &c. If this be true, and the demurrer admits it to be so, it is a good defense to the action, and the defendant in setting it up, is only defending against a judgment obtained by fraud, and possibly by a resort to forgery.   Under the plea of *Nul tiel record* the defense would not be permitted, and if it cannot be made under the plea of *nil debit* then indeed is the defendant without remedy, and must become the subject of judicial oppression, by virtue of that faith and credit due to judgments emanating from other states, although there conceived and obtained by a resort to fraud of the basest character.   We think it would be doing violence to the act of congress to give to it a construction which would exclude a defense of this kind.   It may well be assumed from all the authorities on this subject that unless the court had jurisdiction of the party and subject matter, that the judgments do not come within the preview of the act of congress, and consequently cannot be protected by it.   Such judgments are absolutely void, and are neither entitled to faith and credit at home nor abroad.   In the case of *Shumway*

v. *Stillman*, 6 Wend., 447, the following doctrine is laid down. The case was instituted in New York, on a judgment obtained in Massachusetts. The defendant pleaded, that at the time of the commencement of the suit in which the judgment was obtained, and when the judgment was rendered, and during the intervening time, he was residing in New York; and that he was not an inhabitant of Massachusetts; that during all the said time he was not in Massachusetts, and was not amenable or subject to the jurisdiction of the court in which the judgment was rendered, was not arrested or personally served with process in the said suit in Massachusetts, and had not any legal notice of such suit. The plaintiff replied that the defendant had had notice of the suit, and had by an attorney appeared to the same. There was a verdict for the plaintiff, subject to the opinion of the court, as to the law. The court said that the plea was good; also that the judgment of a court of general jurisdiction in any State of the Union, is equally conclusive upon the parties in all the other states as in the state in which it was rendered; but that this is subject to two qualifications. 1. If it appear by the record, that the defendant was not served with the process, and did not appear in person, or by attorney, such judgment is void. 2. If it appear by the record, that the defendant appeared by attorney, the defendant may disprove the authority of such attorney to appear for him.

In the case before us, the record shows that the defendant appeared by attorney. The plea denies the authority of the attorney to do so. According to the authority just quoted, the defendant had a right to disprove such authority on the part of the attorney. This the defendant ought to have been permitted to do, under his plea of *Nil debit.*

In Massachusetts, in the case of *Hale* v. *Williams*, reported in the note to *Holt* v. *Alloway*, 2 Blackford, the court says: "If it appeared by the record that the defendant had notice of the suit, or that he appeared in defense,

they are inclined to think that it could not be gainsayed, for as we are bound to give full faith and credit to the record, the facts stated in it must be true judicially, and if they should be untrue, by reason of mistake or otherwise, the aggrieved party must resort to the authorities where the judgment was rendered, for redress, for he could not be allowed to contradict the record of a plea, and by an issue to the county thereon. But if the record does not show any service of process or any appearance in the suit, we think he may be allowed to avoid the effect of the judgment here, by showing that he was not within the jurisdiction of the court which rendered it, for it is manifestly against first principles that a man should be condemned either criminally or civilly without an opportunity to be heard in his defense.

In the case of *Shurber* v. *Blackbourne*, 1 New Hamp., 242, where a plea of *Nil debit* was pleaded to an action upon a judgment of a sister state, the court say : The judicial proceedings or judgments contemplated by the act of 1790, were therefore not judgments rendered without notice to the defendant, or appearance to the action, but judgments which were recognized and enforced at common law, as foreign judgments. Judgments of the courts of record of one state, rendered without notice or apperance of the defendant, when sued in the courts of another state, are therefore not affected by the statute of 1790, but remain as at common law, mere nullities, unless within the jurisdiction where they were rendered. The court further say, that the record in the case affords no evidence that the defendant had personal notice of the suit, or appeared to the action in the court in which judgment was rendered, and these are facts which we are not to presume ; they should appear upon the record. And the court decide *Nil debit* to be a good plea.

In the case under consideration there was no personal service on the defendant, Hindman. True, a person

Hindman *v.* Mackall.

representing himself as the attorney of the defendant, appeared and confessed judgment; but this authority Hindman denies under oath, which he had a right to do, according to the decision in *Shumway* v. *Stillman.* We think we have shown, by the authorities referred to, that the plea of *Nul tiel record,* is not the only plea allowable in an action on a judgment. As a general rule, this is the proper plea, but we have shown that exceptions which exist to this rule, and the case before us, clearly fall within the exceptions.

While the court were right in trying the issue upon the plea of *Nul tiel record,* yet they should not have rendered judgment upon the merits of the case on that issue, while another issue was pending, which could only have been tried by the jury, except by the defendant to submit it to the court.

There are other questions, such as variance between the declaration describing the judgment and the judgment offered in evidence, which it is unnecessary to discuss, as the judgment must be reversed on the question of pleading, to which the attention of the court has been principally directed by the argument.

Judgment reversed.

*A. Hall* and *H. M. Shelby,* for plaintiffs in error.

*J. C. Hall* and *C. H. Phelps,* for defendant.