KRUTZ (SPALDING v.). See Case No. 13,-201.

---

## Case No. 7,945.

### KUHN et al. v. McMILLAN.

[3 Dill. 372;[1] 1 Cent. Law J. 46.]

Circuit Court, D. Kansas. Nov. Term, 1873.

FOREIGN JUDGMENT—NOTICE—JURISDICTION.

1. Where the laws of a state provide that bonds given to release property from attachment, and

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

conditioned for its re-delivery to the officer, shall form part of the record, and that judgment thereon, in the event of the plaintiff's recovery, shall be entered against the principal and surety of such bond without scire facias or notice, a judgment thus entered is not void as to the surety for want of notice, although such surety may at the time be a non-resident of the state.

2. Record of a judgment entry held to show an appearance by the party praying an appeal from such judgment, as to proceedings subsequent thereto.

In 1866 the present plaintiffs [Kuhn, Netter & Co.] commenced in a court in Tennessee an attachment suit against Fessenden & Co. and the sheriff levied the writ of attachment upon property worth twice the amount of their claim against Fessenden & Co. Under the statute of that state, Fessenden & Co. as principals, and the present defendant as surety, executed to the plaintiffs a delivery bond in the sum of $1,800, reciting the plaintiffs' suit, the levy of the attachment, etc., and conditioned that "if the attached property should be brought forward and delivered to the sheriff when ordered by the court, or said debt and costs shall be paid and satisfied before that time to the said sheriff, then this obligation to be void; otherwise to be in full force." Fessenden & Co. contested the plaintiffs' claim, but in 1867 the plaintiffs recovered judgment against them, and the record of that recovery, after reciting the execution of said delivery bond, also shows judgment against the present defendant, McMillan, as the surety, jointly with his principals, from which judgment "the defendants" prayed an appeal to the supreme court of the state. In 1869 the supreme court affirmed the judgment against Fessenden & Co. but reversed the judgment as to McMillan, on the ground that when judgment was entered against McMillan, "no breach of the bond had occurred;" but remanded the cause to the court of original jurisdiction, "with directions to order McMillan to deliver the property attached to the sheriff in sixty days from the date of such order, or pay the debt, and upon his failure to do so, the court may enter up a judgment against him and Fessenden & Co. upon said bond, for the amount of the plaintiffs' judgment against Fessenden & Co. with interest and costs." The court below, July 19, 1869, made the order as directed, and afterwards, on March 29, 1872, the court, after reciting the amount of the judgment against Fessenden & Co. adjudged "that unless the said McMillan pay said judgment within sixty days from the date hereof, execution shall issue against the said McMillan and Fessenden & Co." The present action is brought in this court by the plaintiffs against J. W. McMillan on the said judgment of March 29, 1872. The defense is that the defendant never appeared, in person or by attorney, to the suit in Tennessee, nor was he served with summons or process in said action; and in support of this defense it is stipulated "that in March, 1866,

McMillan was, and ever since has been, a non-resident of Tennessee, and has not been in that state since June, 1866." This is the only proof in the case for the defendant. It is agreed that the statute of Tennessee in force when the proceedings in that state took place, contains a provision by which delivery bonds, such as the one signed by the defendant, are required "to be returned into court and constitute part of the record." Code, § 3513. Also the provision that the "court may enter up judgment on the bond against the defendant and his sureties, in the event of a recovery by the plaintiff." Id. § 3514. Also the provision that "all bonds * * * taken in the progress of a cause form part of the record, and judgment may be rendered thereon, to the extent of the respective liabilities of the parties, upon motion, without scire facias or notice." Id. § 3109.

Barker & Sommerfield, for plaintiffs.
Hutchings & Bretherton, for defendant.

DILLON, Circuit Judge. There must be judgment for the plaintiffs. The stipulation as to the non-residence of the defendant, which is his only proof, does not overcome the record entry to the effect that after a joint judgment had been entered against Fessenden & Co. and McMillan, that "the defendants" prayed an appeal, on which appeal the judgment against McMillan was reversed. The appellate court regarded the present defendant as being before it on that appeal, and reversed the judgment against him. But, without resting my judgment upon this view, I am of opinion that, under the laws of Tennessee, the judgment against the defendant as surety on the delivery bond was authorized, and is not, as defendant's counsel contends, void for want of notice. Property had been attached and was in the custody of the court. The defendant signed a bond to release the property, and conditioned that he would be liable for any debt the plaintiffs might recover, unless the property released should be re-delivered to the sheriff when ordered by the court. The bond takes the place of the property for which it is substituted, and the statute requires it to be returned and filed in court. By the statute in force at the time the defendant signed the bond, it was provided that the bond should constitute part of the record, and that judgment might be entered thereon against the principal and surety, in the event of a recovery against the principal, without scire facias or notice.

The defendant, therefore, by the execution of the bond in the course of a pending cause, connected his fortunes with the fortunes of his principal, so far, at least, as to authorize the court to enter judgment against them thereon. By the execution of the bond under the statute, the defendant places himself in court, and agrees that judgment may be entered against him, without further process,

if judgment is entered against the principal obligors. It is obvious that such is the view taken of the statute by the supreme court of the state, since that court directed the entry of the very judgment which is the basis of the present action. Under the constitution and legislation of congress, that judgment is entitled to the same faith and credit that are due to it in the state from which it came.

Our conclusion is well sustained by authority. Pratt v. Donovan, 10 Wis. 378; McRae v. Mattoon, 13 Pick. 53; Bigelow, Estop. 226, and cases cited. And, under the statutory provisions of the state of Tennessee, the conclusion reached can, perhaps, be reconciled with cases which, as respects the right of special bail to notice, differ from those above referred to. Robinson v. Ward's Ex'rs, 8 Johns. 86; Holt v. Alloway, 2 Blackf. 108. Judgment for the plaintiffs.