### STARBUCK and others *vs.* J. B. MURRAY.

To an action of debt on judgment rendered in a *sister state*, commenced by *attachment* of goods, &c. a defendant may plead in bar of a recovery that no process was ever served upon him in the suit in which the judgment was rendered, and that he never appeared thereto in person or by attorney, notwithstanding that *in the record it is averred that the defendant appeared to the suit.*

It is not a good plea in such action that the defendant, at the time of the commencement of the suit in such *sister state*, was and ever since had been an inhabitant and resident of *another state*, and that he was not, during all the time aforesaid, within the state where the judgment was rendered.

If the *jurisdiction* of the court as to the subject matter or person is not impeached, the record of such judgment is entitled to full faith and credit.

DEBT on judgment rendered in a sister state. The declaration sets forth a judgment obtained by the plaintiffs against the defendant in the court of common pleas of the commonwealth of *Massachusetts*, holden at Boston, in the county of Suffolk, in the term of April, 1827, for $393,36, averring the same to remain in full force. The defendant *pleads*, 1. That at the commencement of the suit in which the judgment de-

clared on was rendered, he was and ever since has been an inhabitant and resident of the city of New-York, in the state of New-York, and that he was not, during all the time aforesaid, within the state of Massachusetts, or bound by the laws or in any manner subject to the jurisdiction of the courts of that state; and 2. That the suit in which the judgment was rendered was commenced no otherwise than by *attachment* of certain goods and chattels then being at Boston, in the state of Massachusetts; that he (the defendant) at the time of the commencement of such suit was, and ever since has been, and still is, a resident and inhabitant of the state of New-York; that *no process* of any kind was ever served upon him in the said suit, and that *he never appeared thereto* in person or by attorney. To the first plea the plaintiffs *demur*, and the defendant joins in demurrer; and to the second plea the plaintiffs *reply*, that the defendant ought not to be admitted or received to plead the said second plea as to so much thereof wherein he pleads that he never appeared in person or by attorney to the suit in which the judgment was rendered, because the *judgment record declares and avers* that at the term of the court of common pleas at which the suit was commenced, *the defendant appeared* to the said suit, and this they are ready to verify *by the record;* wherefore they pray judgment if the defendant ought to be admitted, *against the said record,* to aver that he never appeared to the said suit in person or by attorney; and inasmuch as the defendant has not denied the judgment, nor sufficiently answered the same, the plaintiffs pray judgment, and their debt and damages to be adjudged, &c. The defendant *demurs* to the replication of the plaintiffs, who join in demurrer.

*F. J. Betts,* for the plaintiffs. The legislatures of our several states possessing the supreme authority of the parliament of England, have the power to create courts and to confer upon them either common law or special jurisdiction, and the latter is good unless it infringes upon the provisions of the constitution of the general government or of the state government within which the court is organized; and though the laws thus passed by the legislatures may operate harshly

and in some instances unjustly, courts are bound to carry them into effect.   The laws of Massachusetts organizing the court in which the judgment in this case was rendered and conferring the powers exercised, are found in the statutes of that state, *vol.* 1, *p.* 71, 72, and *vol.* 2, *p.* 808.   The judgment, it cannot be denied, would be conclusive in all the courts of that state, and if so by the provision in the constitution of the United States and the law of congress passed in pursuance thereof, it is conclusive here, and the only plea that can be interposed is *nul tiel record.*   The cases of *Mills* v. *Duryee,* 7 *Cranch,* 418, and *Hampton* v. *M'Connel,* 3 *Wheaton,* 234, settle this question.   In *Borden* v. *Fitch,* 15 *Johns. R.* 121, this court refused to give effect to a decree pronounced in a sister state ; in that case, however, the decree was obtained by fraud and false representations, but where a judgment was fairly and regularly obtained in another state, this court felt itself bound to consider it as full and conclusive evidence of the matter adjudicated, *Andrews* v. *Montgomery,* 19 *Johns. R.* 162.   In *Shumway* v. *Stillman,* 4 *Cowen,* 292, it was held that a defendant might shew that the court in which the judgment was rendered had no jurisdiction of his person or the subject matter of the suit.   The decision in this case rests principally upon the case of *Bissell* v. *Briggs,* 9 *Mass. R.* 462, which subsequently was overruled in 17 *Mass. R.* 546.   In addition to the cases in *Cranch* and *Wheaton,* are the cases of *Green* v. *Sarmiento,* 1 *Peters' C. C. R.* 74, and *Field* v. *Gibbs, id.* 155, containing the opinions of Mr. Justice *Washington,* which had they been adverted to would probably have put this question forever at rest.

The proceedings by *attachment* in the commencement of a suit is not unlike proceedings authorized by our own laws, as in cases of proceedings against absent and absconding debtors where actual notice is not given to the party, nor is it given in the court of chancery where in certain cases bills are taken *pro confesso.*   It is said that the proceeding by attachment is a proceeding *in rem ;* but it is not so, because a judgment in a personal action, and not a condemnation of the thing proceeded against, is sought.   No injustice can ac-

crue from giving full faith and credit to the record ; for the court in which the judgment is sought to be enforced have the power, and on a proper application would exercise it, to stay proceedings until the party sought to be charged under it had the opportunity to apply to the court rendering the judgment to set it aside for want of notice of the commencement of the suit. Such would be the course on an attempt to enforce in this court a judgment of one of our own courts of common pleas. Whether jurisdiction of the person was or was not obtained, can only properly be known by the court rendering the judgment. The allegations in the pleas shew the judgment merely erroneous, and allowing it to be so, it must stand as good until reversed ; a judgment cannot be avoided on account of error collaterally. *Comyn's Dig. Pleader* 3, *B.* 7. *Bacon's Abr. Error, A. Viner, Error, A* 2. 2 *Mod.* 308. 3 *Binney,* 273. 2 *Dallas,* 302. 1 *Peters' C. C. R.* 155. The first plea is clearly bad, every allegation of fact in it may be true, and yet the plaintiffs entitled to recover. 20 *Johns. R.* 208. It is defective also in alleging inferences of law instead of matters of fact. 1 *Chitty,* 519, 20.

The replication is good. The record of judgment, both at common law and by the constitution and law of the U. S., is *conclusive evidence* of the facts stated in it. *Co. Litt.* 150, *a.* 16 *Johns. R.* 55. 2 *Maule & Selw.* 567. 1 *Conn. Rep.* 1. 7 *Serg. & Rawle,* 171. 10 *id.* 242. *Bull. N. P.* 221. 1 *East,* 355. 5 *Cranch,* 428. In the replication it is alleged that the record sets forth and avers that the defendant *appeared to the suit* in which judgment was rendered. The parties to the record are estopped from denying its averments, and such estoppel may be set up by pleading. *Comyn's Dig. Estoppel, A. Co. Litt.* 352, *a. Butler's note,* 306, *to Coke Litt.* 2 *Mass. R.* 471. 1 *East,* 355. 1 *Starkie's Ev.* 205. *Willes' R.* 9. 1 *Chitty's Pl.* 459. 3 *East,* 346. 10 *Wheaton,* 469. 5 *Conn. Rep.* 102. *Burr.* 1009. 4 *T. R.* 593. *Doug.* 1. 1 *Mass. R.* 404. 1 *Pick.* 435, 40.

*S. M. Hopkins,* for defendant. The court in which the judgment was rendered is not to be considered a court of record unless so averred. Whether a court of general or spe-

cial jurisdiction, should be alleged in the pleadings, for this court cannot take judicial cognizance of the statute laws of Massachusetts. The defendant pleads that he was not served with process, and that he *did not appear* in the suit in which the alleged judgment was rendered. Unless such plea be allowed, how is a party to get rid of a spurious judgment? At common law, a party may plead that a court which has rendered a judgment against him had no jurisdiction, and he may do so notwithstanding it averred in the record that the court had jurisdiction; for otherwise courts of limited jurisdiction might exercise general jurisdiction. An averment may be made against the record that the attorney on record was not the attorney. 1 *T. R.* 62. A judgment obtained by fraud is void; 3 *Co.* 77; and this can only be shewn by plea. Whether a judgment is conclusive or not, depends upon certain requisites. Where it was not shewn that the plaintiff was warned, the judgment was held not to be conclusive. 3 *Wils.* 297. So where the proceeding was by *attachment* of certain goods, the supreme court of Connecticut held that the judgment was conclusive only as to the goods attached. *Kirby's R.* 119. Although a judgment be rendered conformably to the law of the place where it is rendered, still, if it appear that the party to be affected by it was not subject to the jurisdiction of the court, the judgment is inoperative. 9 *East,* 192. The averment that the party appeared, does not preclude him from shewing the contrary; otherwise a court, by recording a falsehood to obtain jurisdiction, would effectually do so. 10 *Coke,* 75.

As to the constitutional provision and the law of congress under it: The constitution declares that full faith and credit shall be given in each state to the acts, records and judicial proceedings of every other state, and authorizes congress to prescribe the manner of proving the same, and the effect thereof: The act of congress prescribes that such records, &c. when authenticated in the mode pointed out, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from whence they are taken. The act of congress

as to the effect of such records does nothing more than the constitution had done. The case of *Mills* v. *Duryee*, 7 *Cranch*, 481, seems to go the whole length of saying that a record authenticated in the prescribed form is conclusive; but what was said in that case tending to such a conclusion was beyond the point before the court for adjudication; that the record in that case was conclusive no one can doubt, for there the defendant had appeared. This case was reviewed in *Borden* v. *Fitch*, 15 *Johns. R.* 162, and yet this court held that a decree made in Vermont, although duly authenticated, was not conclusive, it appearing that the court had not jurisdiction of the person of the party to be affected by it. The same construction was given to the case of *Mills* v. *Duryee*, in the subsequent cases of *Andrews* v. *Montgomery*, 19 *Johns. R.* 162, and *Shumway* v. *Stillman*, 4 *Cowen*, 292. In the cases of *Bissell* v. *Briggs*, 9 *Mass. R.* 467, the same doctrine was held; and also in *Aldrich* v. *Henry*, 4 *Day's Conn. R.* 380, where it was decided that if the defendant did not appear, the record was void, although it was averred in it that the defendant did appear.

No argument can be drawn in support of the replication from the practice of our court of chancery, where a bill is taken *pro confesso* without the appearance of the party, nor from an adjudication under the absent and absconding debtor act. In either case, the judgment is conclusive only in the particular proceeding, but cannot be made the foundation of a personal action. 3 *Johns. C. R.* 330. If the party appear, the proceeding is *in personam;* if he does not, it is *in rem,* and affects only the property taken, but nothing beyond: but when not personally served with process, though the party appear to a proceeding on attachment, such proceeding operates only to the extent of the property attached. 9 *Mass. R.* 469. And accordingly, his denial of appearance is not inconsistent with the record, though it alleges that he did appear. Whether the court has jurisdiction or not is a question preliminary to the inquiry, what does the record say? If the court has no jurisdiction, there must be some means to correct the proceeding. A judgment of a sister state is not entitled to greater faith and credit than would be conceded to

a judgment of our own courts: faith and credit is given to such judgment until it be set aside as unduly obtained. So, the same faith and credit is given to a foreign judgment until it be shewn that it was rendered without authority; the only difference is in the mode of effecting the object. The doctrine ef estoppel cannot apply to a case like this. A man is estopped by his own act, so he is by a judgment to which he is a party; but where a deed is plead, he may deny it to be his act. So, where a judgment is set up against him, he may deny that he is a party to it. Where the plea goes to defeat the record itself, there is no estoppel. *Co. Litt.* 352, *a. b. Viner's Abr. tit. Estoppel, D.* 1, *L.* 4, *pl.* 1, 2.

*By the Court,* MARCY, J. The states being independent sovereignties, judgments recovered in the courts of one state would be *foreign judgments* in every other, but for that clause in the constitution of the United States which declares that "full faith and credit shall be given in each state to the acts, records and judicial proceedings of every other state." *Article* 4, § 1, *Constitution of the U. S.* The same section authorizes congress to prescribe the manner of proving such acts, records and proceedings, and the effect thereof. This was done by an act passed the 26th May, 1790. Records and judicial proceedings, when authenticated as that act directs, are to receive such faith and credit in every court within the United States as they have by law or usage in the courts of the state from whence they are taken.

The obvious effect of these provisions should have been to cause judgments recovered in one state to be regarded in every other in much the same light as *domestic judgments;* but this was not so. From some of the early cases, it appears that a judgment rendered by a court of one state was not considered conclusive between the parties by courts of other states, in the same manner and to the same extent as judgments rendered by their own courts. Such a judgment was declared to be *prima facie* evidence of debt only, and that in an action upon it, brought in another state, the consideration might be examined into. 1 *Caines,* 460. 1 *Mass. R.* 401. This was giving but very little effect to that provision of the

constitution to which I have referred, and judgments in sister states were by these decisions made but little more efficacious than foreign judgments. The state courts which had made these decisions became convinced that they had not gone far enough to satisfy the constitution ; but they were exceedingly reluctant to go so far as to give such judgments the character and full effect of domestic judgments.

The supreme court of Massachusetts, in the case of *Bissell* v. *Briggs*, 9 *Mass. R.* 462, placed judgments rendered in other states on ground considerably higher than that on which foreign judgments stand ; but it did not raise them to the full dignity and effect of domestic judgments. *Ch. J. Parsons* viewed the questions very closely, and came to conclusions in which the courts of that state, as well as those in almost all the other states, have repeatedly concurred. These conclusions cannot be more clearly expressed than in the language of that able judge. He says : "Judgments rendered in any other of the United States are not, when produced here as the foundation of actions, to be considered as foreign judgments, the merits of which are to be inquired into, as well as the jurisdiction of the courts rendering them ; neither are they to be considered as domestic judgments rendered in our own courts of record, because the jurisdiction of the courts rendering them is a subject of inquiry. But such judgments, as far as the court rendering them had jurisdiction, are to have in our courts full faith and credit. They may therefore be declared on as evidences of debts or promises ; and on the general issue, the jurisdiction of the courts rendering them is put in issue, but not the merits of the judgments."

The case of *Mills* v. *Duryee*, 7 *Cranch*, 418, was decided in the supreme court of the United States about the same time the decision in *Bissell* v. *Briggs* was pronounced ; but from the circumstance that no allusion is made in either of the opinions delivered in the latter case to the views entertained by the supreme court of the United States on the same subject, it is to be inferred that these views were not then known in Massachusetts.

It was asserted on the argument that the decision of the court in the case of *Bissell* v. *Briggs*, so far as it denied to a

judgment of a sister state the same conclusiveness that is yielded to a domestic judgment, was overruled by the case of *The Commonwealth* v. *Green.*  Ch. J. *Parker* says, in the course of his opinion in the case of *Hall* v. *Williams,* 6 *Pick.* 232, "This court yielded a painful deference to the decision of *Mills* v. *Duryee,* without that close examination it would have received if presented to them otherwise than incidentally, and if its bearing had been of importance in the case then before the court."

The case of *Mills* v. *Duryee* has been under the consideration of most of the state courts, and they have generally refused to consider it a binding authority to the extent contended for by the plaintiffs in this suit.  This court has done so in several instances.  In the case of *Borden* v. *Fitch,* 15 *Johns. R.* 121, it determined that the judgment or sentence of the court of a sister state might be examined into in a suit here, so far as relates to the jurisdiction of the court, and no effect or validity would be given to it, if it appeared that the court rendering it had not jurisdiction of the *person* as well as the subject matter.  The case of *Andrews* v. *Montgomery,* 19 *Johns. R.* 162, recognizes and affirms the same doctrine.  The decision of this court in *Shumway* v. *Stillman,* 4 *Cowen,* 272, was upon a question in most respects like the one raised by the demurrer to the first plea in the case before us.  In that case, it was explicitly decided, "that it was competent for the defendant to shew, by a special plea, that the court in which the judgment was rendered had no jurisdiction either of the subject matter or of the person."

The courts of *Connecticut, Pennsylvania, New-Hampshire, New-Jersey* and *Kentucky* have also decided, that "the jurisdiction of the court rendering a judgment may be inquired into when a suit is brought in the courts of another state on that judgment."  *Thurber* v. *Blackbourne, New-Hampshire Rep.* 246.  *Benton* v. *Bingot,* 10 *Serg. & Rawle,* 240.  *Aldrich* v. *Henney,* 4 *Conn. Rep.* 280.  *Curtis* v. *Gibbs, Penn. Rep.* 405.  *Boyers* v. *Coleman, Harden,* 413.  This doctrine does not depend merely on the authority of adjudged cases; it has a better foundation; it rests upon a principle of natural justice.  No man is to be condemned without the oppor-

UTICA,
July, 1830.

Starbuck
v.
Murray.

tunity of making a defence, or to have his property taken from him by a judicial sentence without the privilege of shewing, if he can, the claim against him to be unfounded. If a party has a right to defend himself in an action upon a judgment of a sister state, by shewing a want of jurisdiction in the court that rendered it, he must be permitted to plead such facts as make out the defence. The general issue in an action of debt on a judgment of a sister state would properly be like that in an action on a domestic judgment—*nul tiel record*. But in the cases decided in *Massachusetts, New-Hampshire, Connecticut* and *New-Jersey, nil debet* was declared to be a good plea. The defendants in such cases are not confined however to the simple plea of the general issue. In most of the cases reported, they have interposed special pleas like the first in this case. This court decided, in *Shumway* v. *Stillman*, that there was not any objection on the ground of principle to the plea in that case which was designed to deny a notice of or an appearance to the action in the original suit. In *Hall* v. *Williams*, the second and third pleas were, as to the subject matter of them, like the second plea in this case. There were two defendants. They pleaded first, *nul tiel record;* secondly, that they had no notice of the original action, and that they did not appear in it or authorize any one to appear for them. Thirdly, one of them pleaded separately that he never was an inhabitant of the state in which the original suit was prosecuted, or a resident therein, and that he never had notice of the original action or appeared thereto. To the second and third pleas there was a replication like that to the second plea in this case, which was, that the defendants are estopped from denying an appearance by the record which shews that they did appear. The record was set forth, and it did not shew the fact which was alleged as matter of estoppel—the appearance of both defendants. Judgment was therefore given against the replication setting up the estoppel. All the cases shew that matters may be pleaded other than the simple denial of the existence of the record.

But it is strenuously contended that if other matter may be pleaded by the defendant, he is estopped from asserting

UTICA,
July, 1830.

Starbuck
v.
Murray.

any thing against the allegation contained in the record. It imports perfect verity, it is said, and the parties to it cannot be heard to impeach it. It appears to me that this proposition assumes the very fact to be established, which is the only question in issue. For what purpose does the defendant question the jurisdiction of the court? Solely to shew that its proceedings and judgments are void, and therefore the supposed record is not in truth a record. If the defendant had not proper notice of, and did not appear to the original action, all the state courts, with one exception, agree in opinion that the paper introduced as to him is no record ; but if *he cannot shew, even against the pretended record that fact*, on the alleged ground of the uncontrolable verity of the record, he is deprived of his defence by a process of reasoning that is to my mind little less than sophistry. The plaintiffs in effect declare to the defendant : The paper declared on is a record, because it says you appeared, and you appeared because the paper is a record. This is reasoning in a circle. The appearance makes the record uncontrolable verity, and the record makes the appearance an unimpeachable fact. The fact which the defendant puts in issue (and the whole current of state court authority shows it to be a proper issue) is the validity of the record, and yet it is contended that he is estopped by the unimpeachable credit of that very record from disproving any one allegation contained in it. Unless a court has jurisdiction, it can never make a record which imports uncontrolable verity to the party over whom it has usurped jurisdiction, and he ought not therefore to be estopped, by any allegation in that record, from proving any fact that goes to establish the truth of a plea alleging a want of jurisdiction. So long as the question of jurisdiction is in issue, the judgment of a court of another state is in its effect like a foreign judgment ; it is *prima facie* evidence : but for all the purposes of sustaining that issue, it is examinable into to the same extent as a judgment rendered by a foreign court. If the jurisdiction of the court is not impeached, it has the character of a record, and for all purposes should receive full faith and credit.

Let the law as I have laid it down be applied to the pleadings in this case. The first plea does *not* shew *a want of jurisdiction.* The defendant says that when the suit was commenced he was, and ever since has been a resident of the city of New-York, and that he had not been within the state of Massachusetts, or bound by the laws, or in any manner subject to the jurisdiction of the courts of that state. Pleading is the statement of facts which shew a cause of action or a matter of defence. The law arising from these facts is not proper to be introduced into a declaration or plea. 1 *Chitty,* 215. That part of the plea in this case which alleges that the defendant was not bound by the laws, or in any manner subject to the jurisdiction of the courts of the state of Massachusetts, is a statement of law and not of facts impeaching the jurisdiction of the court rendering the judgment on which this action is brought. It is a question of law, to arise from facts which the defendant is to disclose, whether he was bound by the laws of Massachusetts, or subject to the jurisdiction of its courts. I shall, therefore, consider this plea as if this allegation were not in it; or in other words, I shall consider only the *facts* stated in it. Although the defendant was not in the state, he might have authorized the entry of his appearance. He might have appeared by an attorney, and fully contested the right of the plaintiff to recover. If he authorized his appearance, or if he procured bail to be put in for him, or if he retained an attorney to appear and defend the suit, his person would, by either of these acts, be submitted to the jurisdiction of the court, and either of them might have taken place, and the plea as to all the facts stated in it be entirely true. Chief Justice Parsons, in the case of *Bissell* v. *Briggs,* supposes that where proceedings were instituted by process of attachment in one state against the property of a citizen of another, he might appear in person, or by attorney, to *defend his property* without thereby giving the court jurisdiction of his person. The court would not in such a case, I concede, have jurisdiction over his person for any other but the direct objects of the proceedings; and as far as those were concerned, he would be subjected to the authority of the court. If a citizen of

one state should go into another to claim property seized on attachment, and subject the attaching creditors to costs and expenses, which in the due course of proceedings should be adjudged to them by a court of competent authority, will it be pretended that he could resist the payment of these costs and expenses on the ground that he was not subject to the jurisdiction of the court? For all the fair and direct objects of the suit, he was within its jurisdiction. So if the proceedings were not *in rem*, but the property of the defendant was attached to compel him to appear and answer to proceedings in *personam*, and he did in fact appear and litigate the cause with the plaintiff, he could not be heard to question the jurisdiction of that court over his person. I do not think Chief Justice Parsons intended to say more than this: That when a court had the jurisdiction of the person of a defendant for one purpose, it could not legally bind him by a judgment or sentence in a distinct and different matter.

The second plea, in my opinion, presents a complete defence. The facts therein stated shew that the court in which the judgment was rendered could not have acquired jurisdiction of the defendant's person: but these facts are inconsistent with the statement in the record. My views in relation to the estoppel by the record are already expressed. To say that the defendant may shew the supposed record to be a nullity by shewing a want of jurisdiction in the court which made it, and at the same time to estop him from doing so because the court have inserted in the record an allegation which he offers to prove untrue, does not seem to me to be very consistent. Under the operation of such a rule, a court could always sustain its jurisdiction if it had any solicitude to do so; or rather the party who had the benefit of its decision, and who by the practice of most tribunals is entrusted with making the record, would not fail to put it beyond the power of his opponent to shew a want of jurisdiction. This point has been adjudicated upon. In the case of *Hall* v. *Williams*, before referred to, the plaintiffs put in a replication like the one in this case. The precise question as to the estoppel by the record was raised by the pleadings, but it was not direct-

ly decided. The plaintiff was deceived as to the effect of the record; it did not in fact contain the matter of estoppel which he had set forth in his replication. The court, however, intimate an opinion pretty distinctly in favor of the replication. They say, "If it had appeared by the record that the defendants had notice of the suit, or appeared in defence, we are inclined to think it could not be gainsayed." A more direct authority on the other side of the question is found in the case of *Aldrich* v. *Kenney*, 4 *Conn. R.* 380. There the defendant was permitted to shew that he had no notice of the suit, and did not appear; although it appeared by the record produced that he had appeared by attorney. This is a direct authority against the principle by which it is attempted to sustain the replication in this case. If the allegation in the record of an appearance by an attorney is examinable into in an action on the judgment, and may be disproved, I cannot see why the allegation of an appearance of the party in person is not in like manner questionable. I am therefore of opinion that the demurrer to the plaintiffs' replication is well taken.

The plaintiffs, therefore, are entitled to judgment on their demurrer to the first plea, and the defendant is entitled to judgment on his demurrer to the replication, with leave to each party to amend on payment of costs.

<div style="text-align: right">

UTICA,
July, 1830.

