Questions reserved by the Superior Court, New Castle county. Tried before all the judges.
This was an action brought in the Superior Court for New Castle county, on a judgment recovered in the District Court of the city and county of Philadelphia. The questions arising in the cause involved a consideration of the character of a foreign judgment, when sued upon in the courts of this State; and these questions were entered upon in the argument; but the case turned chiefly on a question of pleading.
The cause was argued by Mr. Wales, for the plaintiff; and byMessrs. Bates and Clayton, for the defendant, Jehu Clark.
The defendant's counsel contended that a judgment rendered by a court of one of the United States, against a citizen or inhabitant of another, who was not served with process in the suit, and who never appeared to the same in person, or by any authorized agent or attorney, is absolutely void; the court rendering the judgment not having jurisdiction of the person of the defendant. (1 Stark.Ev. 232-3, n. 1; 1 Kent's Com. 260-1, n. b.; 2Troub. Holy's Pr. 16, 17; 9 *Page 242 Mass. Rep. 4G2: G Pick. Rep. 232, 0: 5 Johns.Rep. 37; 15 ib. 121, 141: 5 Wendell 148: 4Cowen's Rep. 29.2: 4 Conn.. Rep. 380; 1New; Hamp. Rep. 242; 1 Hall'sN. Y. Rep. 155.) And to a suit brought in this State on such a judgment recovered in a sister State, the defendant may plead specially the matters which deny the jurisdiction of the court rendering the judgment, or which show the want of such jurisdiction. (1 Stark. 233, n. 1; 1 Kent's Com. 260-1: 5Johns. Rep. 37; 4 Cowen 2-92; 5 Wend. 148.)
The plaintiff's counsel took the ground that a judgment obtained in the court of another State, having jurisdiction of the subject, is conclusive evidence, in an action of debt on such judgment in this State; and that no plea or evidence contradicting the record is admissible. (1 Pet. C. C. Rep. 157; 2 Johns. Rep. 17; 2Johns, cases 357; Haywood 305, 316; 2 Bay 485; 2Peters 202, 262; 19 Johns. Rep. 162.)
The court went somewhat into these questions in their opinion; but the case was decided on a question of pleading.
The plaintiff declared in debt upon the Pennsylvania record. The declaration set out the judgment, in short, in the usual way, with a talitur processum; only averring that by certain proceedings in the District Court of the city and county of Philadelphia, a judgment to a certain amount was recovered at the suit of the plaintiffs, againstJehu Clark and Thomas Clark, defendants: "as by the record and proceedings thereof remaining in the said District Court more fully appears, a copy whereof duly authenticated, the plaintiff here in court produceth."
The defendant pleaded nul tiel record; payment; nil debet, and twelve special pleas; the first eight of which recited that the suit in which the said judgment was recovered in Philadelphia, was commenced against Jehu and Thomas Clark, as partners, and that Jehu Clark was never summoned or appeared, c. The ninth and remaining pleas omitted this recital, and merely pleaded that "at the time of the commencement of the said suit, in which the said supposed judgment in said declaration mentioned was recovered, he the said Jehu Clark was not nor was he at any time before or afterwards an inhabitant of the said State of Pennsylvania, nor resident there, nor had property there, but was at the time of the commencement of the said suit, and ever since hath been, and still is, an inhabitant of and resident in the State of Delaware: that the said Jehu was not served with any process in, and had no notice of the said suit, and *Page 243 
did not appear to or in the same either in person or by an attorney or agent by him authorized; and this he is ready to verify." c.
The plaintiff took issue on the first and second pleas, and demurred to the rest; contending that the defendant was estopped by the Pennsylvania record to deny notice and appearance, because it was shown (as he contended) by that record, that the suit was against Jehu and Thomas Clark, as partners, and there was notice to Thomas Clark, one of the partners, and a general appearance by attorney for the defendants.
The defendants' counsel contended that this matter of estoppel no where appeared on the record in this cause, and the plaintiff was bound to plead it to take advantage of it: that, though the recital to the first eight pleas admitted that the proceedings in Pennsylvania were against Jehu and Thomas Clark, as partners, that in respect of the ninth and three following pleas, the case stood here upon a declaration, in short, on a judgment recovered against two persons, not shown or averred to be partners; a plea by one of them, that he was never summoned and never appeared to that suit; and a demurrer to this plea on the ground that the defendant was estopped to deny an appearance, because his partner appeared for him.
The plaintiff's counsel insisted that this matter did appear on the record of this cause, because the declaration by referring to the Pennsylvania record with a prout patet per recordum, so incorporated that record with the pleadings in this cause, as to make it a part of them for the purpose of showing the estoppel.
But a majority of the court being of a different opinion, gave judgment against the plaintiff on the ninth and following pleas; and the Superior Court afterwards allowed an amendment of the pleadings, so as to bring up the true question in the cause. (See post at May term, 1843.)
The plaintiff, on the 8th of January, 1839, brought an action of debt in the Superior Court for New Castle county, against the defendants, who were duly summoned. Thomas Clark, one of the defendants did not appear, and judgment was rendered against him. by default. The declaration was filed against Jehu Clark, the other defendant, and counts upon a judgment rendered in the District Court for the city and county of Philadelphia, at June term, 1835, against the defendants for $485 45, at the suit of the plaintiff. *Page 244 
To this declaration the defendant, Jehu Clark, has filed fourteen pleas, of which it is unnecessary to notice more than two, namely: the fourth and the ninth. The ninth plea alledges "that at the time of the commencement of the suit in which the said supposed judgment in said declaration mentioned was recovered, he the said Jehu Clark was not, nor was he at any time before or afterwards, an inhabitant of the said State of Pennsylvania, nor resident there, nor had property there; but was at the time of the commencement of said suit and ever since hath been and still is an inhabitant of, and resident in the State of Delaware; that he the said Jehu was not served with any process in, and had no notice of the said suit, and did not appear to or in the same, either in person or by an attorney or agent by him authorized." The fourth plea is to the same effect as the ninth, except that it begins by reciting that the suit in the District Court was commenced against the defendants as partners. To these pleas there is a demurrer and joinder in demurrer. The object of the pleas is to show that the District Court had no jurisdiction over the person of the defendant, Jehu Clark, and that the proceeding was therefore coram nonjudice and void. On the part of the plaintiff it is contended that the judgment of the District Court is conclusive, and that the pleas are inadmissible and bad. In support of this position it is insisted, that the provisions of the constitution of the United States, and of the act of Congress, place the judgments of the different State courts on the footing of domestic judgments; and that by the rules of the common law there can be) no averment in pleading against the validity of a record. The first question then is, whether the pleas are admissible; and if so, secondly, whether they are a sufficient answer to the declaration. Before proceeding to consider either of these questions, it will be proper to determine the nature and extent of the record which this court has before it, and to which it is confined in its judgment upon the pleadings. The question now before this court, comes up on a demurrer to the pleadings in the Superior Court for New Castle county, and the record before us is the record of that court. It is contended that the record of the District Court is also before us, and must be considered as incorporated with the record of the Superior Court, by virtue of the reference which is made to it in the declaration filed in that court. The declaration in the Superior Court is in the common form, stating shortly the recovery by the plaintiff of judgment against the defendants in the District Court, "as by the record and proceedings thereof remaining *Page 245 
in the said District Court more fully appears, a copy whereof duly authenticated the plaintiff here in court produceth." It is insisted that this formula, which consists first, of the usual reference which is made to the record, when one is declared upon; and, secondly, of a profert, which is both unusual and unnecessary, has the effect of incorporating the record of the District Court with that of the Superior Court. As to the reference which is made in the declaration in the Superior Court to the record of the District Court, and which when the proceedings were recorded in latin, was in the words, proutpatet per recordum, it is a mere matter of form, the omission of which can be taken advantage of only by special demurrer. (1 Chit.PL 356; 8 Del. Laws 43.) Anciently the law required that a record should be pleaded entire and with certainty; for, as the books say, a record cannot be taken by parcels, and it was then as much a rule of law that reference should be made to the record as it is now since the short mode of declaring has become the practice, stating merely the term of the court, the parties and the sum recovered. (1Chit. PL 354; System of Plead. 368.) Accordingly, we find it laid down in System of Plead. 368, "if the record be not certainly pleaded, to say prout patet per recordum, or perfinem, it is void." And cites 38 H. 6, 28-9. In that case, which was an action of debt against the marshal of the king's bench for an escape, the plaintiff declared upon a judgment recovered and execution, with the usual formula, as it appears before you from the record." Fortescue said, "what he has alledged, as it appearsbefore us from the record, are void words and of no effect, for these words are not matter of record, that he shall not plead before us the record, to show the estoppel. You say this; but tell us how it appears before us from the record, when he has not shown any record; in which case these words are to no purpose, so when one alledges that it appears by fine before us, this has no effect without pleading the fine or recovery, or showing the record." At this time, in the reign of Henry the sixth, to plead a record, meant, to set forth the whole proceedings in hece verba, and the rules of law required the same formula of reference which has continued to this clay. When a plaintiff declares upon a record, whether he sets it forth in heceverba or shortly, he refers to the record by the usual formula; but when a record is relied upon in any subsequent stage of the pleadings, whether in the plea, replication, c, there is not only the usual formula of reference, but also an averment of hoc paratus estverificarc per recordum. All *Page 246 
"which shows that the reference to the record is mere matter of form and has not, and never had, any peculiar virtue or effect, such as has been claimed for it on this occasion. The profert, which, is made in connection with this reference, is as has been stated both unusual and unnecessary, as over is not now granted of a record; (1 T. R.
149, The King vs. Amory;) and its practical import is, that the party has the instrument ready for the purpose of giving oyer. (Step, on Plead. 488.) But the profert itself has not the effect of incorporating the instrument of which profert is made with the declaration, and thus making it a part of the record; for "where he (the party having the right to demand oyer) has occasion to found his answer upon any matter contained in the deed of which profert is made and not set forth by his adversary, in these cases the only admissible method of making such matter appear to the court, is to demand oyer, and from the copy given to set forth the whole deed verbatim in his pleading. (Step, on Plead. 96; 1 Chit.Plead. 416; 4 Dal. Rep. 436 Bender vs.Fromberger; 1 Harr. Rep. 433, Eastern vs.Jones.) It is perfectly clear then that the record of the District Court forms no part of the record of the Superior Court, to the pleadings in which alone, we are to direct our attention.
We come now to the consideration of the two questions: first, as to the admissibility of the pleas, and secondly, as to their sufficiency. The purpose of the pleas being to show that the District Court had no jurisdiction over the person of the defendant, Jehu. Clark, and that the proceeding was therefore coram non judice and void, their admissibility depends upon the affirmative of the question whether, under the provisions of the constitution and of the act of Congress, the jurisdiction of the court rendering a judgment can be inquired into in a suit upon the judgment in another State. If the judgment of the District Court be regarded in the light of a foreign judgment, independently of the constitution and the act of Congress, and depending for its effect on "the comity of nations," as a branch of international law, there cannot be a doubt that such a plea is admissible and good, since it is indispensable, by that code, to its claim to recognition in any other State, that the court pronouncing judgment should have a lawful jurisdiction over the cause and the parties. The rule on the subject is thus laid clown by Story, in his admirable commentaries on the conflict of laws: "In order, however, to found a proper ground for recognition in any other country, it is indispensable to establish that the court pronouncing the judgment *Page 247 
had a lawful jurisdiction over the cause and the parties. If the jurisdiction fails as to either, it is treated as a mere nullity, having no obligation and entitled to no respect beyond the domestic tribunals. (Story Confl, of Laws 492, sec. 586; 4Cranch 269-70.)
The judgment of a court having no jurisdiction over the cause or the parties, must in the nature of things be void, and is itself an act of usurpation and injustice, which no other State, could upon any principle, be expected to enforce. It is clear then, as a question of international law, that the jurisdiction of the court pronouncing judgment may be inquired into. The question then arises, has the constitution and act of Congress produced any change in this particular? The provision of the constitution is that "full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State." Is it the purpose of this provision to confer any new power on the States, or to extend the jurisdiction of their courts? Clearly not; but simply to regulatethe effect of their acknowledged jurisdiction. Where the State court has lawful jurisdiction over the cause and the parties, then the judgment of such court is conclusive. The case of Mills vs.Duryee, (7 Cranch 481,) must be understood with this qualification. In the case of Bissell vs. Briggs, (9Mass. Rep. 462,) decided in the year 1811, in the Supreme Judicial Court of Massachusetts, the court say, "that in order to entitle the judgment rendered in any court of the United States to the full faith and credit mentioned in the federal constitution, the court must have had jurisdiction not only of the cause, but of the parties." The same principle was again asserted in the same court, in the year 1828, in the case of Hall et al vs. Williams et al,
(6 Pick. 247.) In the State of New York a similar decision was made in the Supreme Court of that State, in the year 1818, in the case of Borden vs. Fitch, (15 Johns. Rep. 121;) and again in a subsequent case in the same court, in the year 1830, that of Starbuck vs. Murray, (5 Wend. 148.) Judge Story, who delivered the opinion of the court in the case ofMills vs. Duryee, in the year 1813, thus expresses himself, when treating of this very point in his commentaries on the conflict of laws, which were published more than twenty years afterwards, in the year 1834. "They (judgments of State courts) are therefore put upon the same footing as domestic judgments. But this does not prevent an inquiry into the jurisdiction of the court in which the original judgment was rendered, or into the right of the State to exercise authority over the parties or the subject matter. The constitution *Page 248 
did not mean to confer any new power upon the States, but simply to regulate the effect of the acknowledged jurisdiction over persons and things within their territory." (Story Confl. of Laws 509,sec. 609.)
As it is apparent then, both from reason and authority, that the courts of the State in which suit is brought, have a right to
inquire into the jurisdiction of the court rendering the judgment, and there can he no writ of error between the courts of different sovereignties, it follows that there is no other mode of doing so, but upon a plea setting forth the facts which show the want of jurisdiction. The majority of the court are, therefore, clearly of opinion that the record of the court rendering the judgment is no estoppel to a plea to its jurisdiction over the parties, or the subject matter. The pleas in this case then, being to the jurisdiction of the District Court, are admissible, and the question remains only as to their sufficiency.
The fourth plea, as has been stated, is to the same effect as the ninth, excepting that it begins by reciting that the suit in the District Court was commenced against the defendants as partners. This plea is consequently defective, as it does not cover the whole ground, since, if the suit was commenced against the defendants as parters, and the writ was served upon Thomas Clark, he might, as partner, have authorized an appearance by attorney, for both, which would have been sufficient to sustain the jurisdiction of the District Court: and it does not deny that his partner, Thomas Clark, was served with process and did authorize an appearance for both. Admitting, therefore, its truth, which is done by the demurrer, yet it is not a sufficient answer to the declaration. But the ninth plea is free from this objection, and as there is nothing in the declaration to show that the suit in the District Court was commenced against the defendants as partners, and there is nothing in the plea which shows that it was so, it presents a statement of facts which show clearly that the District Court had no jurisdiction over the person of Jehu Clark. The ninth plea is therefore, if true, a sufficient answer to the declaration, and the plaintiff by demurring has admitted its truth. The majority of the court are, therefore, of opinion that judgment should be given for the defendant, Jehu Clark, upon the demurrer, and direct that this opinion be certified to the Superior Court for New Castle county.