By the Court, Bronson, J.
The first, second and third counts, are, I think, bad, because the action should have been covenant and not debt. It is not an action for the re *599 covery of a sum of money in numero, but one sounding in damages. The, certainty of the sum" demanded does notappear by the'contract, nor does the contract give any data from which the sum can be ascertained by computation. The agreement is spepial, containing several stipulations, and that part of it on which the plaintiff relies is, in effect, a covenant to indemnify and save harmless. The damages are unliquidated. (Bull. N. P. 167. 1 Chit. Pl. 123, 128, «¿.’37.) It is true that debt will sometimes lie where the certainty of the sum has to be made out by averment ;• but not, I think, on a covenant of indemnity. If debt will lie on this agreement, there are few cases where the plaintiff may not declare in that form on a sealed ■ contract, however special in its terms, and uncertain as to the sum to. be paid, provided the pleader will do, as he has done here, go on to aver that the plaintiff has sustained damages to a large amount, to wit, to the sum of so many dollars. I have met with no case which supports these counts. Tilson v. The Town of Warwick, (4 Barn. & Cress. 962,) on which the plaintiff relies, went on ‘the ground, that the obligation of the defendants to pay the money demanded was imposed by an act of parliament, in which case debt may be maintained.
The fourth count is on a judgment recovered by the plaintiff against the defendant in the court of common pleas of the county of Franklin in the state of Massachusetts. The plea to that count contains a good answer to the action. It shows that the common pleas did not acquire jurisdiction over the person of the defendant. (Starbuck v. Murray, 5 Wend. 148. Holbrook v. Murray, id. 161. Shumway v. Stillman, 6 id. 447.) The first replication to the plea is informal, and, I think, insufficient. The substance of the plaintiff’s allegation is, that the defendant was in the county of Franklin when the action in the common pleas was commenced, and, at the time of the service of the process in that suit, was personally duly notified, according to the rules and practice of that court and the law of Massachusetts, by the officer who served the process. *600 The fact that the defendant was in the county of Franklin is of no importance, except as the foundation for an averment that he was served with process; and that averment is not made. It might, perhaps, be inferred from an allegation that a defendant was “personally duly notified” of a suit brought against him, that he was served with process to appear and answer. But parties should not plead in this argumentative way. They should state facts, and not the mere evidence of facts. This objection is specially pointed out in the demurrer.
But the replication is bad in substance. It states that the defendant was “ personally duly notified”—but not of the process, the action or any thing else in particular. He had due notice; but of what? The pleader has stopped short of the conclusion at which he seems to have been aiming.
If - due notice of the process or action had been alleged, I should still think the replication bad in substance, as well as in form. Due notice may sometimes be appropriate words in pleading, but when the enquiry is whether a court has obtained jurisdiction of the person of the defendant, the allegation that he was “ personally notified” does not belong to legal language. The averment should be that he was served with process to appear and answer, or that he appeared in the action either in person or by attorney.
The second replication to the second and third pleas states, that the defendant “ had personal notice of the commencement of." the suit” in the common pleas; but does not tell us who gave him that notice. It is not enough that a defendant happens to hear that he is sued. No court can acquire jurisdiction in that-way.
Judgment for the defendant.