## JOHN T. GLEASON vs. BENJAMIN DODD, Administrator.

A judgment of a court in another State is not entitled to full faith and credit, under the constitution and laws of the United States, unless the court had jurisdiction of the parties as well as of the cause.

In an action on a judgment rendered in another State, the defendant may impeach such judgment by proof that he had no legal notice of the suit, and never appeared therein and submitted to the jurisdiction of the court, either in person or by authorized attorney.

The record of a judgment, rendered in another State against the administrator of the original plaintiff in the suit, set forth that the death of such plaintiff was suggested, and that " D., administrator, then came in," and that " the plaintiff, administrator. as aforesaid," afterwards became nonsuit, whereupon judgment was rendered against him for costs.  In an action on this judgment, brought in this State, against the administrator, it was held that he might prove, in defence, that he never appeared in the original suit, nor authorized any one to appear for him and prosecute the same.

The authority of an attorney to commence and prosecute a suit is revoked by the death of the constituent, and he has no authority, without a new retainer, to appear in the suit for the constituent's executor or administrator.

DEBT on a judgment of the court of common pleas in the State of Maine, rendered in favor of the plaintiff, against the defendant, for $ 45·97, costs.  The action was commenced in the court of common pleas in this county, and submitted to the decision of that court on the following facts, " if such facts, or any of them would be admissible by plea or otherwise."

At the August term, 1839, of the said court in Maine, the plaintiff recovered a judgment, of which a copy is in the margin.*  Avery Holbrook, whose name is mentioned in said judg-

---

* State of Maine, Lincoln ss.  At a district court for the Middle District. begun and holden at Topsham, within and for the county of Lincoln on the

ment, was a citizen of Massachusetts, and employed an attorney of the court in Maine to commence the action referred to in said judgment, who brought the same in said Holbrook's name. After the action was entered in court, said Holbrook died, and thereupon the defendant, Dodd, was appointed administrator of his estate, by the probate court of the county of Suffolk, in this Commonwealth. Said Dodd then was, and ever since has been, an inhabitant of Boston. He never took administration on the estate of said Holbrook in Maine, and never personally ap peared in the suit mentioned in said judgment, or submitted himself to the jurisdiction of the court in said judgment mentioned ; and never authorized any person to appear for him in said court or suit, or on his account, as administrator or otherwise.

The plaintiff, Gleason, can prove, (if such evidence would be admissible, on a trial of this action,) that the attorney abovementioned, being a regular practitioner and attorney in said court in Maine, did suggest, in the suit aforesaid, the death of said Holbrook, and caused the appearance of said Dodd, as administrator, to be entered for the purpose of prosecuting the same.

On these facts, the court of common pleas gave judgment for the plaintiff, and the defendant appealed to this court.

*Codman,* for the plaintiff.

*Paine,* for the defendant.

fourth Tuesday of August, being the 27th day of said month, A. D. 1839, by the Hon. Asa Redington, Justice.

Benjamin Dodd, Esq., of Boston, Mass., administrator of the goods and estate which were of Avery Holbrook, late of said Boston, deceased, plaintiff, *vs* John T. Gleason, Esq., of Thomaston in the county of Lincoln, defendant. This action was entered at the August term A. D. 1836, and continued from term to term, to December term A. D. 1837, when the death of the plaintiff was suggested, and Benjamin Dodd, administrator, then came in. The same was then continued, from term to term, to the present term ; and now the plaintiff, ad ministrator as aforesaid, though solemnly called to come into court, does not appear, but becomes nonsuit, and the court order the plaintiff to put his writ on file forthwith, which he has neglected to do. The defendant, therefore, filea his affidavit, agreeably to the rules and order of the court, for his costs, which are allowed him. It is therefore considered by the court, that the defendant recover of the plaintiff his costs of suit, taxed at forty five dollars and ninety seven cents.

SHAW, C. J.   The present case calls upon the court again to consider a question, which has been much discussed in the courts of this Commonwealth, and of those of the United States, and most of the States of the Union, upon the authentication and legal effect of the judgments of one State, in the courts of another.   The provision in the constitution of the United States, and the act of congress passed under it, are now quite familiar. By the constitution, art. 4, § 1, it is declared, that " full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State ; and the congress may, by general laws, prescribe the manner, in which such acts, records and proceedings shall be proved, and the effect thereof."   The act of congress of 1790, after directing how records of judicial proceedings shall be authenticated, further declares, that " the said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States, as they have, by law or usage, in the courts of the State from whence said records are, or shall be, taken."

Soon after the promulgation of these provisions of the constitution and law of the United States, great diverstity of judicial opinion arose, as to their true construction.   By some it was contended that congress did intend to declare, not only what should be deemed conclusive proof of records of the judgments of one State in the courts of another, but their legal effect.   They considered that the effect of this law was to put them in all respects on the same footing of domestic judgments, so that to an action of debt on such judgment, no plea would be admissible, but that which denied the existence of the judgment, and nothing was put in issue, but that fact, and that to be tried by the court by an inspection of the transcript of the record, au thenticated in the manner required by the act of congress.  *No ble v. Gold*, 1 Mass. 410, *note*.   By others it was held that the act did nothing more than declare that the record of the judgment of another State, thus authenticated, should be conclusive evidence that such a judgment was passed, by a court of such State

of the parties between whom, the nature of the action, and the other facts expressly stated in it ; leaving the effect of such judgment to be ascertained by the rules of the common law. At common law it seemed to be well understood, that the legal effect of such foreign judgment was this ; that it was *primâ facie* evidence of debt, for which an action of debt, or indebitatus assumpsit as upon an implied promise, would lie ; but like all other *primâ facie* evidence, it might be controlled by proof, showing that the judgment was irregular or erroneous, that the defendant had no opportunity to defend, or was not summoned, or that he had good ground of defence ; or in short, by proof tending to outweigh the evidence arising from such judgment. Such were the grounds of decision, in the earliest case fully reported in the this Commonwealth. *Bartlet* v. *Knight*, 1 Mass. 401. The same views seem to have been adopted in other States. It is not, however, my intention to go into a general review of the cases, but merely to allude to the progress of judicial opinion on the subject.

In *Bissell* v. *Briggs*, 9 Mass. 462, the subject underwent great consideration, and an elaborate opinion was pronounced by Parsons, C. J. The ground taken was, that the judgment of another State would be conclusive of the merits, provided the court by whom it was rendered had jurisdiction of the subject matter, and of the parties ; but if it appeared to be rendered by a court not having jurisdiction of the parties — as against one not an inhabitant within the State, not arrested or summoned, or for any cause not amenable to its process, or not actually brought within it by proper service, it would not be binding. As a necessary consequence of this doctrine, it followed that it is competent for a defendant, sued on such judgment, under a proper plea, to put in issue every fact necessary to try the question of such jurisdiction. In this opinion Mr. Justice Sewall did not concur ; adhering to the opinion which he had before expressed in *Bartlet* v. *Knight*.

About the same time the case of *Mills* v. *Duryee*, 7 Cranch, 481, came before the supreme court of the United States, in

which it was supposed they went further than the case of *Bissell v. Briggs,* and held that the judgment of another State was in all respects conclusive, like that of a domestic judgment But a careful consideration of that case will show that no question was there raised as to the right of the defendant, in an action of debt on such judgment, to contest the actual jurisdiction of the court in which the judgment was rendered ; and the point whether it was open to such inquiry was not before the court. On the contrary, Mr. Justice Story, in giving the opinion of the court, says, that in the case then before them, it appeared that " the defendant had full notice of the suit, for he was arrested and gave bail, and it is beyond all doubt that the judgment of the supreme court of New York was conclusive upon the parties in that State. It must, therefore, be conclusive here also." The point of jurisdiction was not judicially determined ; and therefore that case did not go further in holding such judgments conclusive than that of *Bissell v. Briggs.* See *Hampton v. M'Con-nel,* 3 Wheat. 234, and the reporter's note. *M'Elmoyle v. Cohen,* 13 Pet. 312. 1 Kent Com. (4th ed.) 261, *note.*

In this Commonwealth, the last case, in which the subject has been discussed, former decisions reviewed, modified and reconciled with each other, and the whole doctrine placed upon intelligible and practicable principles, is that of *Hall v. Williams,* 6 Pick. 232. This case, after a full discussion and review of all the authorities, fully recognizes the principle laid down in *Bissell v. Briggs,* to the effect that the judgments of other States may be declared on as records and evidences of debt ; that on a proper plea, the jurisdiction of the courts rendering them may be put in issue, but not the merits of the judgments. In this case, the court conclude by saying, that " the full faith and credit, required to be given in each State to the judicial proceedings of other States, will prevent the admission of any evidence to contradict the facts, which show a jurisdiction, if such appear on the record." This last remark we consider, taken in connexion with the subject matter, as applying to all such facts as tend to show jurisdiction of the court over the person ; such as that he was arrested and gave bail, or was personally sum

moned ; indicating his actual presence in the State at the time of the commencement of the action, and of course subject to its jurisdiction, or other facts of the like nature. But if the jurisdiction was assumed, upon certain constructive notice, such as the nominal attachment of property, with a notice by order of court published in a gazette, or by summoning a trustee, or other similar mode, such judgment would be no further conclusive, than as it may bind the property attached, or the effects in the hands of the trustee ; they being within the reach of the process of the court, and subject to its jurisdiction. A record, merely reciting one's having appeared by attorney, was held not to be contradicted, by a plea, alleging 'that he never was within the jurisdiction of the court, was never served with process, and never did appear. 6 Pick. 246. It therefore follows that the conclusiveness of judgments, as to matters tending to show that the court had jurisdiction, does not extend to such recitals, but only to specific averments of fact, such as an arrest, personal service, or personal appearance. But such general recital, if evidence at all, is *primâ facie* only, may be traversed, and the contrary shown by proof.

As to the effect of an Irish judgment in the English courts, see *Ferguson* v. *Mahon*, 11 Adolph. & Ellis, 179.

The question then, in this case, is narrowed down to this, whether the averment in this record, that Dodd, as the administrator of Holbrook, appeared to prosecute, is conclusive, or only *primâ facie* evidence of that fact.

Some question having been raised as to the meaning and legal effect of this record, of which we have the exemplification, it is necessary to examine it with attention, to ascertain its purport. It is concise, but we think it is intelligible. It begins by stating, as usual, the term and style of the court and the title of the cause, as it stood at the time when the nonsuit was entered. It does not follow that it was entered under the same title ; because the parties, and of course the title of the cause, may change, though the action itself is the same. The plaintiff is B. Dodd of Boston, Massachusetts, administrator of Avery Holbrook, deceased, against John T. Gleason. It then goes back and

states the time at which the action was entered, the continuances, the suggestion of the death of the plaintiff, by whom we are plainly to understand Holbrook, the original plaintiff. It then avers that Benjamin Dodd, administrator, *came in*, and adds the continuances from time to time, to the term at which the nonsuit took place and the judgment was entered. The fact, as to the act of Dodd, that he *came in*, is stated in the briefest form ; but the whole question depends on it. In the first place, we think there is no difficulty in understanding what is meant. By the laws of Maine, as well as those of Massachusetts, when a plaintiff dies, his administrator, being appointed under the laws of the same State, without commencing a new suit, may come in and prosecute the existing suit, in the same manner, as if he had commenced a new one. We understand the record to state, that in pursuance of these provisions of law, Dodd, claiming to be administrator, with a right and power, as administrator, to prosecute that suit, appeared and made himself a party to it, in order to prosecute the same to judgment. If this were so, in fact, the court clearly had jurisdiction of the same and of the person of the administrator, as such plaintiff, with power to render judgment against him, on failure to prosecute according to his undertaking. Nor could he defend himself by showing that he had never been appointed administrator in Maine. Whether he was so appointed, or whether having come in, he could maintain the suit, as administrator, would be a question to be tried, after the court had obtained jurisdiction. They would so obtain jurisdiction, if he appeared and claimed a right so to prosecute personally or by an authorized attorney. The original plaintiff, by his death, had ceased to be a party, and the administrator, by such an act, would have become a party, and amenable to the jurisdiction. Whether in case of judgment, such judgment would have been against him, *de bonis propriis*, or *de bonis testatoris*, is not now in question. The judgment must be *against him*, and could not be against any one else.

Every plaintiff, in a common law action, submits himself to the jurisdiction of the court, by suing out his writ returnable to the court. Every petitioner, libellant, appellant, and other actor,

does the same by filing his petition and suing out process.    An administrator, by coming and entering his claim to prosecute, does the same ; because that is the first act, the first step taken by him in the suit.    If he did thus appear, and make himself a party to the record, claim the benefit of the proceedings, and seek the further action of the court, he did undoubtedly submit himself to the jurisdiction of the court.    Is the record conclusive evidence of that fact ?    The answer to this question we think depends on this, whether such appearance, or coming in, by himself personally, or by his authorized attorney, is necessary to give the court jurisdiction ; and we think that it is.    The administrator is a distinct party from the original plaintiff.    He is not *de facto* a party, on the fact of the death of the testator or intestate being suggested, and cannot be made such, unless by his own voluntary act, or when he is compellable to appear, on summons, and has in fact been summoned.    By the death of the original plaintiff, the suit is suspended, and must remain so, unless an administrator, qualified to act in the State where the suit is pending, shall thus come in.    Until this is done, the court have no jurisdiction of the person of such administrator.    We think then it is clear, that as to this fact, thus necessary to give the court jurisdiction, the judgment is not conclusive ; that it is *primâ facie* only ; and may be traversed, and contested by counter proof.

The fact of the coming in of the defendant as administrator involves two inquiries ; *first*, did any person profess to appear for the administrator ? and *secondly*, was that person duly authorized ?

In regard to the first, the entry of an appearance, it would generally be shown by the docket, and make part of the record ; and upon this point, this would be very strong, and perhaps conclusive evidence.    Although a motion by a regular attorney for leave to appear for an administrator, and prosecute the suit, when the motion is allowed and the appearance entered, is no doubt good, yet as such appearance is the first act on the part of the administrator, by which he becomes a party, it is a more safe and convenient practice for all parties, that such application should be by petition, or motion in writing, signed by the admin

istrator or his attorney, and filed in the cause. But the more material inquiry is, whether the person, so professing to appear, was duly authorized. Such an appearance by the administrator himself, or by some person by him authorized, being necessary to give the court jurisdiction over his person, it seems within the letter and spirit of the rule to hold that this fact is not conclusively proved by the record itself, which merely states an appearance by attorney, or an appearance generally, without stating how.

In *Robson* v. *Eaton*, 1 T. R. 62, it was held that where a regular attorney brought an action in the name of A. against B., and B. paid into court the money due, upon an order of court, and the attorney of the plaintiff, by leave of court took it out, and paid it over, as he supposed, to the plaintiff, but in fact to another person, who had assumed the plaintiff's name, and given a forged power of attorney ; it was held, upon another suit brought by the plaintiff for the same cause of action, that he was not bound by the act of an attorney who appeared and acted in his name, but without his authority, and the defendant was held liable to pay the money over again. And we think it very clear that an authority to an attorney to commence and prosecute a suit is revoked by the death of the constituent, and therefore that such attorney has no authority, without a new retainer, to appear in the suit for an executor or administrator. This point was very recently decided. *Palmer* v. *Reiffenstein*, 1 Man. & Granger, 94. *Shoman* v. *Allen*, ib. 96, *note*.

In *Bissell* v. *Briggs*, 9 Mass. 468, the court in holding that in actions on such judgments, the fact of the jurisdiction of the courts rendering them is put in issue, but not the merits of the judgments, illustrate what they understand by saying that the court must have jurisdiction not only of the cause but of the parties, by this instance ; " if a court of any State should render judgment against a man not within the State, nor bound by its laws, nor amenable to the jurisdiction of its courts, &c. the jurisdiction might be inquired into."

And the same doctrine is recognized in *Hall* v. *Williams*, 6 Pick. 247, where the court state, as the result of their views of

29*

the law, that on an issue on a plea of *nil debet*, "if it appear that the court had jurisdiction, the record is conclusive evidence of the debt; that is, if it appears affirmatively that the defendant was duly served with process within the State, or actually appeared and defended the suit, *or appeared by attorney duly authorized*; which latter fact we think may be contested, as was allowed in the case of *Aldrich* v. *Kinney*, 4 Connect. 380 ; the record being only *primâ facie* evidence of that fact, because no proof is ordinarily required of authority to act as attorney." In Connecticut, in the case cited, this point was directly decided. The same point was decided, on great consideration, in several cases in New York. *Starbuck* v. *Murray*, and *Holbrook* v. *Murray* 5 Wend. 148, 161. *Shumway* v. *Stillman*, 6 Wend. 447. These authorities are full and explicit, and, so far as the judicial decisions of the State of New York can go, they are decisive. See also *Wilson* v. *Bank of Mount Pleasant*, 6 Leigh, 570.

Applying the rule, thus deduced, to the present case, the court are of opinion, that the judgment in the court of common pleas in Maine is not conclusive against the defendant, upon the question whether that court had jurisdiction of the person of the defendant, as plaintiff in that action, so as to render a judgment against him for costs. It nowhere states that the present defendant appeared in person, or that the attorney who appeared for him was duly authorized to appear for him. The general fact, therefore, of rendering judgment against him, can amount to no more than *primâ facie* evidence of jurisdiction. Such being its character, it is competent for the defendant to rebut and encounter it by proof tending to show that the court had no jurisdiction ; and the facts agreed are conclusive to show that the court had no jurisdiction ; it being agreed that the defendant never took administration in Maine, never personally appeared in the suit, nor authorized any person to appear for him, as administrator    We are therefore of opinion that there must be

*Judgment for the defendant.*